250 P.3d 227 (2011)
Michael BLEVINS, Plaintiff/Appellee,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant/Appellant.
No. 1 CA-CV 10-0272.
Court of Appeals of Arizona, Division 1, Department C.
March 24, 2011.
*228 Jones, Skelton & Hochuli, P.L.C. by Eileen Dennis GilBride, Jennifer Erickson, Sanford K. Gerber, Phoenix, Attorneys for Defendant/Appellant.
Palumbo Wolfe by Scott I. Palumbo, Phoenix, and Treon Aguirre Newman & Norris, P.C. by Brett L. Slavicek, Phoenix, Attorneys for Plaintiff/Appellee.

OPINION
PORTLEY, Judge.
¶ 1 We are asked to decide whether Arizona Revised Statutes ("A.R.S.") section 20-259.01(B) (Supp. 2010) requires that an insured sign a form rejecting underinsured motorist ("UIM") coverage. Because the statute does not require a signed form, we reverse the summary judgment granted to Michael Blevins and remand this matter to the trial court with instructions to enter summary judgment for Government Employees Insurance Company ("GEICO").

FACTS AND PROCEDURAL BACKGROUND
¶ 2 Blevins purchased auto insurance from GEICO in August 2006. His insurance policy indicated that he purchased liability coverage but rejected UIM coverage.[1]
*229 ¶ 3 Blevins was injured in a January 2008 auto accident. After he settled with the other driver, he submitted a claim to GEICO because the other driver was underinsured. GEICO denied his claim.
¶ 4 Blevins then sued GEICO for a declaratory judgment, breach of contract, and bad faith. After both parties moved for partial summary judgment on the declaratory judgment issue, the trial court granted Blevins summary judgment. The parties then settled the remaining claims, and GEICO appealed after the final judgment was entered. The only issue on appeal is whether Blevins is entitled to UIM coverage pursuant to § 20-259.01(B).

DISCUSSION
¶ 5 Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c). We independently determine whether any issue of material fact exists and whether the court properly applied the law. Prince v. City of Apache Junction, 185 Ariz. 43, 45, 912 P.2d 47, 49 (App.1996). Because the burden is on the party requesting summary judgment, the evidence and all reasonable inferences that follow are construed in favor of the opposing party. Nat'l Bank of Ariz. v. Thruston, 218 Ariz. 112, 116, ¶ 17, 180 P.3d 977, 981 (App.2008). When the evidence is disputed, but a reasonable jury could only find for the plaintiff or defendant, the court should uphold a grant of summary judgment. Orme Sch. v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

I. Blevins' Motion for Summary Judgment
¶ 6 The key issue is whether § 20-259.01(B) requires that an insurer obtain a written rejection of UIM coverage from an insured. The relevant part of the statute provides that:
Every insurer writing automobile liability or motor vehicle liability policies shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The selection of limits or rejection of coverage by a named insured or applicant on a form approved by the director shall be valid for all insureds under the policy. The completion of such form is not required where the insured purchases such coverage in an amount equal to the limits for bodily injury or death contained in the policy.
A.R.S. § 20-259.01(B).[2]
¶ 7 The first sentence of the statutory subsection requires that the insurer "both `offer' and `make available' UIM coverage." Tallent v. Nat'l Gen. Ins. Co., 185 Ariz. 266, 267, 915 P.2d 665, 666 (1996); see Ballesteros v. Am. Standard Ins. Co. of Wis., 226 Ariz. 345, 347, ¶ 8, 248 P.3d 193, 195 (2011). After the offer is made, the insured must affirmatively request the coverage. State Farm Mut. Auto. Ins. Co. v. Ash, 181 Ariz. 167, 173, 888 P.2d 1354, 1360 (App.1994); see Tallent, 185 Ariz. at 268, 915 P.2d at 667; Garcia v. Farmers Ins. Co., 191 Ariz. 410, 412, ¶ 23, 956 P.2d 537, 539 (App.1998). If the insurer does not provide the statutorily mandated offer, the insured is entitled to receive UIM coverage as a matter of law. Estate of Ball v. Am. Motorists Ins. Co., 181 Ariz. 124, 126-27, 888 P.2d 1311, 1313-14 (1995) (quoting Ins. Co. of N. Am. v. Santa Cruz, 166 Ariz. 82, 85, 800 P.2d 585, 588 (1990)).
¶ 8 GEICO presented evidence that it provided Blevins with the statutorily mandated written offer. Blevins did not controvert that fact. See Orme Sch., 166 Ariz. at 311, 802 P.2d at 1010. Moreover, it is undisputed that Blevins failed to sign the written offer or otherwise provide any written indication that he was rejecting UIM coverage.[3] GEICO *230 argues that a written rejection of UIM coverage is unnecessary; the plain language of § 20-259.01(B) only requires that the insurer provide a written offer.
¶ 9 The trial court disagreed with GEICO and granted summary judgment. Focusing on the second and third sentences of § 20-259.01(B), the court stated:
The statutory language envisions "[t]he selection of limits or rejection of coverage by a named insured or applicant on a form approved by the director." This means that, in order for coverage less than policy limits to take effect, the policyholder must affirmatively so indicate on the approved form. Significantly, the identical requirement applies both to selection of limits less than policy limits and to complete rejection.
(Alteration in original.)
¶ 10 Our decision in Ash would appear to resolve the issue. There, we considered a similar argument and held that "[t]he insurer need only make the written offer. The insured must then request that the offered coverage be included in his policy. No express rejection is required." 181 Ariz. at 173, 888 P.2d at 1360.
¶ 11 Ash, however, interpreted a prior version of § 20-259.01(B).[4] The statute was amended in 1992 and 2003. The 1992 amendment added the second sentence to § 20-259.01(B), which provides "[t]he selection of limits or rejection of coverage by a named insured . . . on a form approved by the director shall be valid." 1992 Ariz. Sess. Laws, ch. 147, § 1 (2d Reg. Sess.). The third sentence was added eleven years later and provides that "[t]he completion of such form is not required where the insured purchases such a coverage in an amount equal to the limits for bodily injury or death contained in the policy." 2003 Ariz. Sess. Laws, ch. 86, § 1 (1st Reg. Sess.).
¶ 12 Blevins argues that these two amendments implicitly overrule our holding in Ash. We disagree.
¶ 13 We review issues of statutory interpretation de novo. City of Tucson v. Clear Channel Outdoor, Inc., 209 Ariz. 544, 547, ¶ 8, 105 P.3d 1163, 1166 (2005). Our principal goal when interpreting a statute is to give effect to the legislature's intent. Blum v. State, 171 Ariz. 201, 205, 829 P.2d 1247, 1251 (App.1992). We primarily rely on the language of the statute and interpret the terms according to their common meaning. Mercy Healthcare Ariz., Inc. v. Ariz. Health Care Cost Containment System, 181 Ariz. 95, 98, 887 P.2d 625, 628 (App.1994). "When the language of a statute is clear and unambiguous, a court should not look beyond the language but rather `simply apply it without using other means of construction, assuming that the legislature has said what it means.'" Cundiff v. State Farm. Mut. Auto. Ins. Co., 217 Ariz. 358, 360, ¶ 8, 174 P.3d 270, 272 (2008) (quoting Hughes v. Jorgenson, 203 Ariz. 71, 73, ¶ 11, 50 P.3d 821, 823 (2002)) (internal quotation marks omitted). But when the language is ambiguous, we may also look to the historical background, the consequences, and the purpose of the statute. Phx. Newspapers, Inc. v. Dep't of Corr., 188 Ariz. 237, 244, 934 P.2d 801, 808 (App.1997).
¶ 14 Our supreme court has stated that § 20-259.01 is "remedial, and should be liberally construed in order to carry out the intent of the Legislature." Calvert v. Farmers Ins. Co. of Ariz., 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). "[T]he purpose of the Uninsured Motorist Act is `to guarantee that responsible drivers will have an opportunity to protect themselves and their loved ones as they would others.'" Estate of Ball, 181 Ariz. at 127, 888 P.2d at 1314 (quoting Ormsbee v. Allstate Ins. Co., 176 Ariz. 109, 112, 859 P.2d 732, 735 (1993)). To effectuate the *231 legislature's intent, we have required strict compliance with the statute. Id. at 128, 888 P.2d at 1315 ("Requiring strict compliance with the statute is not form over substance.").
¶ 15 The plain language of the 1992 amendment does not require a written rejection of UIM coverage nor does it require that an insured use a form approved by the Arizona Department of Insurance ("ADOI") to select or reject coverage. 1992 Ariz. Sess. Laws, ch. 147, § 1 (2d Reg. Sess.) ("The selection of limits or rejection of coverage by a named insured . . . on a form approved by the director shall be valid."). It simply states that if the named insured[5] selects or rejects coverage on a form approved by ADOI, that selection or rejection is valid for all insureds under the policy. See id.
¶ 16 If the legislature wanted to require an insured to complete a form, or otherwise expressly reject UIM coverage, it could have done so explicitly.[6] For example, in 1997, the legislature amended § 20-259.01 to require that "[t]he department . . . prescribe a consumer information and coverage selection form to be signed by the purchaser and to be used by all insurers offering automobile coverage."[7] 1997 Ariz. Sess. Laws, ch. 125, § 1 (1st Reg. Sess.) (emphasis added). The legislature did not, however, remove the requirement that "the selection of limits of coverage for uninsured and underinsured motorist coverage or failure to select coverage. . . by a named insured or applicant on a form approved by the director shall be valid for all insureds under the motor vehicle liability policy." Id. We presume that the legislature intended that both sentences serve different functions. Otherwise, the second sentence would be superfluous if it required that the insured use a form provided by the department to select or reject coverage. See Phx. Newspapers, 188 Ariz. at 244, 934 P.2d at 808 ("We presume that the legislature does not enact superfluous or reiterative legislation."); Devenir Assocs. v. City of Phx., 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant.").
¶ 17 Moreover, our interpretation is supported by the legislative history. Our supreme court found that "[a]fter passage of the 1992 amendment, if an insurer provides and the insured signs a [A]DOI-approved UM/UIM selection form, the insurer has satisfied the statutory requirement to `make available' and `by written notice offer' UM/UIM coverage." Ballesteros, 226 Ariz. at 350, ¶ 21, 248 P.3d at 198 (emphasis added). The court stated that the 1992 amendment "create[d] a method by which insurers may demonstrate compliance with § 20-259.01." Id. at ¶ 20 (emphasis added).
¶ 18 In fact, the Senate Fact Sheet explaining the 1992 amendment stated that "[t]he proposed language has been requested to clarify an acceptable procedure for the offering of this supplemental insurance." Senate Fact Sheet for House Bill ("H.B.") 2062 as Passed by the Senate, 40th Leg., 2d Reg. Sess. (May 14, 1992). See Ballesteros, 226 Ariz. at 349-50, ¶¶ 20-21, 248 P.3d at 197-98. During committee hearings Senate research staff testified that "[t]his amendment puts in the statute that the insurance agent can use *232 a form approved by the Director of the Department of Insurance to satisfy the requirement." Minutes of Meeting Before the S. Comm. On Commerce & Labor on April 22, 1992, 40th Leg., 2d Reg. Sess. (Ariz. 1999) (statement of Kathy Clayton, Assistant Research Analyst). The legislative history is clearthe 1992 amendment provides "an acceptable procedure" and an "insurance agent can use a form approved by [ADOI]" to comply with the written offer requirement of § 20-259.01(B). There is no indication that the legislature intended that an insured must use a form approved by ADOI for the selection or rejection of coverage in all instances.
¶ 19 Blevins, however, focuses on the 2003 amendment, which states that "[t]he completion of such form is not required where the insured purchases such a coverage in an amount equal to the limits for bodily injury or death contained in the policy." 2003 Ariz. Sess. Laws, ch. 86, § 1 (1st Reg. Sess.). He argues that the 2003 amendment clarifies that the only situation where an insured is not required to accept or reject coverage on an ADOI approved form is when the insured purchases maximum UIM coverage. We disagree.
¶ 20 "The last antecedent rule is recognized in Arizona and requires that a qualifying phrase be applied to the word or phrase immediately preceding as long as there is no contrary intent indicated." Phx. Control Sys., Inc. v. Ins. Co. of N. Am., 165 Ariz. 31, 34, 796 P.2d 463, 466 (1990). The 2003 amendment simply qualifies the 1992 amendment. It provides that in cases where an insured purchases maximum UIM coverage, that selection is valid for all insureds under the policy, regardless of whether coverage was selected on a form provided by ADOI. The 2003 amendment did not expand § 20-259.01(B) to require that the approved form be used in all other instances.
¶ 21 Although Blevins contends that the legislative history and ADOI policy statements[8] indicate a contrary legislative intent, when considered in conjunction with the 1992 amendment, neither supports his assertion. Both the Senate and House Fact Sheets stated that "[a] selection of limits or rejection of coverage must be provided to the customer on a form approved by the Department of Insurance when a policy is offered." Summary for H.B. 2151 as Transmitted to the Governor, 46th Leg., 1st Reg. Sess. (April 28, 2003); Senate Fact Sheet for H.B. 2151, 46th Leg., 1st Reg. Sess. (March 6, 2003). During a committee hearing, legislative staff testified that "[i]nsurers must still complete the [ADOI approved] form if an insured elects UM/UIM coverage under the limits of the policy." Minutes of Meeting Before the H. Comm. On Fin. Inst. & Ins. on Jan. 28, 2003, 46th Leg., 1st Reg. Sess. (Ariz. 2003) (statement of Melissa Taylor, Majority Research Analyst).
¶ 22 The issue here, however, is not whether the insurer is required to offer an insured UIM coverage on an ADOI approved form.[9] Instead, it is whether the insurer is required to obtain a written rejection of UIM coverage on an ADOI approved form. The legislative history of § 20-259.01(B) does not require that an insured reject UIM in writing. Prior to the 2003 amendment, an insured was required to complete an ADOI approved form, even when the insured purchased maximum coverage, if the insured wanted the selection or rejection of coverage to be valid for all *233 insureds under the policy. The 2003 amendment simply removed that requirement if the insured purchased maximum coverage. Unless the insured wants the selection or rejection of coverage to be valid for all insureds under the policy, there is no indication that an insured must otherwise complete the form to select or reject coverage.
¶ 23 The ADOI policy statements do not suggest a different result. After the 2003 amendment, an ADOI regulatory bulletin stated that "the completion of the notice and offer form is not required when the insured purchased both [UM/UIM] coverage. . . . If the insured rejects either . . . the form is still required." ADOI, Regulatory Bull. No. 2003-10; Arizona Department of Insurance, Circular Letter No. 1998-5, Form for Selection of Limits or Rejection of Uninsured Motorist of Underinsured Motorist Coverage (Aug. 11, 1998) ("[A]n insurer must provide to all applicants a selection form containing written notice and an offer of uninsured and underinsured motorist coverage. The form used by an insurer to offer uninsured and underinsured motorist coverage must be approved by the director prior to its use by the insurer.").
¶ 24 Ordinarily, we defer to an agency's interpretation of a statute it administers. Ariz. Water Co. v. Ariz. Dep't. of Water Res., 208 Ariz. 147, 154, ¶ 30, 91 P.3d 990, 997 (2004). Here, however, ADOI's interpretations are substantive policy statements,[10] which are "advisory only." A.R.S. § 41-1001(21); see also Holsum Bakery v. Indus. Comm'n, 191 Ariz. 255, 257, 955 P.2d 11, 13 (App.1997) (holding that an administrative law judge could not rely on a substantive policy statement because the statement was advisory only). To the extent it conflicts with our interpretation, we do not find ADOI's interpretation controlling.
¶ 25 To summarize, despite subsequent statutory changes, our decision in Ash is controllingno express written rejection is required to comply with § 20-259.01(B). If the insurer wants the selection or rejection of coverage to be valid for all insureds under the policy, the insured must select or reject UIM coverage on an ADOI approved form, unless the insured purchases maximum UIM coverage. Blevins' policy concerns regarding potential abuse by insurance companies are matters more properly addressed by the legislature.

II. GEICO's Motion for Summary Judgment
¶ 26 GEICO contends that it is entitled to judgment as a matter of law because there is no material question of fact that Blevins received the statutorily mandated written offer. "[W]here the issues can be decided as a matter of law, we have the authority both to vacate the trial court's grant of summary judgment in favor of one party and to enter summary judgment for the other party if appropriate." Anderson v. Country Life Ins. Co., 180 Ariz. 625, 628, 886 P.2d 1381, 1384 (App.1994). Although "the legislature passed the 1992 amendment to protect insurers from after-the-fact inquiries regarding the offer of coverage," GEICO has forgone that protection by failing to have Blevins reject UIM coverage on an ADOI approved form. Ballesteros, 226 Ariz. at 350, ¶ 22, 248 P.3d at 198. GEICO, however, submitted evidence that Blevins received a written offer for UIM coverage, and Blevins did not controvert that evidence. Because there is no genuine issue of material fact, we reverse summary judgment for Blevins and remand with instructions to enter summary judgment for GEICO.

ATTORNEYS' FEES ON APPEAL
¶ 27 GEICO requests attorneys' fees on appeal pursuant to A.R.S. § 12-341.01(A) (2003). Section 12-341.01(A) is discretionary and allows the successful party in an action arising out of contract to recover attorneys' fees. In our discretion, we decline to award attorneys' fees. GEICO, however, is entitled to recover costs on appeal subject to compliance with ARCAP 21.

*234 CONCLUSION
¶ 28 Based on the foregoing, we reverse the trial court's grant of summary judgment in favor of Blevins and remand the case with instructions to enter summary judgment for GEICO.
CONCURRING: MARGARET H. DOWNIE and PATRICIA A. OROZCO, Judges.
NOTES
[1] Blevins' policy also indicated that he rejected uninsured motorist ("UM") coverage, which is governed by § 20-259.01(A).
[2] Section 20-259.01(B) has been amended numerous times since its enactment in 1965. Recent amendments have added new sentences to the existing paragraphs without any attempts to restructure the statute.
[3] GEICO's written offer of UIM coverage states, "Please complete, sign and return this form to us if you have been instructed to do so or wish to make any changes to these coverages." The form also has a check box to indicate a rejection of coverage and an area for the insured's signature.
[4] At that time, A.R.S. § 20-259.01(C) (1981) provided:

Every insurer writing automobile liability or motor vehicle liability policies . . . shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsurance motorist coverage which extends to and covers all persons insured under the policy. . . .
[5] A "named insured" is not the equivalent to a "covered member" or an "insured." Lawrence v. State Farm Mut. Auto. Ins. Co., 184 Ariz. 145, 148, 907 P.2d 531, 534 (App.1995). The phrase "named insured" refers specifically to the policy holders. Id.
[6] The legislature has required that a "form approved" by a state agency be completed in different contexts. See A.R.S. § 20-465(B)(2) (2002) ("The service charge and the specific services for which the charge is made are disclosed and agreed to in writing by the insured on a form that is approved by the director."); A.R.S. § 36-449.03(F)(5) (2009) ("If the patient refuses, a refusal form approved by the department shall be signed by the patient and a witness and included in the medical record."); A.R.S. § 41-2198.01(C) (Supp.2010) ("The petition shall be in writing on a form approved by the department, shall list the complaints and shall be signed by or on behalf of the persons filing. . . .").
[7] The 1997 amendments to § 20-259.01 were repealed in 1998 in response to insurance industry concerns and a referendum on the changes. 1998 Ariz. Sess. Laws, ch. 288, § 2 (2d Reg. Sess.); Final Revised Senate Fact Sheet for Senate Bill ("S.B.") 1273, 43d Leg., 2d Reg. Sess. (June 25, 1998).
[8] One of the ADOI statements Blevins submitted was withdrawn in 2005. Arizona Department of Insurance, Circular Letter No. 1994-3, Form for Selection of Limits or Rejection of Uninsured Motorist or Underinsured Motorist Coverage (April 11, 1994) (withdrawn by Arizona Department of Insurance, Regulatory Bull. No. 2002-5, Review of Department Substantive Policy Statements (May 20, 2002)).
[9] ADOI appears to interpret § 20-259.01(B) to require that an insurer use the ADOI approved form to offer UM/UIM coverage. Arizona Department of Insurance, Regulatory Bull. No. 2003-10, Form for Selection of Limits or Rejection of Uninsured Motorist Coverage or Underinsured Motorist Coverage (July 15, 2003) [hereinafter ADOI, Regulatory Bull. No. 2003-10]. ADOI provides insurers with sample forms that insurers can elect to use, or ADOI will consider similar forms provided by insurers. Arizona Department of Insurance, Regulatory Bull. No. 2003-3, Revision of Form for Selection of Limits or Rejection of Uninsured Motorist of Underinsured Motorist Coverage (March 24, 2003). GEICO's form was approved by ADOI and does not state that coverage will be provided unless it is rejected by the insured.
[10] A substantive policy statement is "a written expression which informs the general public of an agency's current approach to, or opinion of, the requirements of . . . state statute, . . . including, where appropriate, the agency's current practice, procedure or method of action based upon that approach or opinion." A.R.S. § 41-1001(21) (Supp.2010).