IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARCO ANTONIO CHAVIRA, doing business as ADD ON POWER,
a sole proprietorship, *Plaintiff/Appellant*,

*v.*

ARMOR DESIGNS OF DELAWARE, INC., a Delaware corporation, dba
ARMOR DESIGNS, INC.; and ARMOR DESIGNS, LLC, a Delaware
limited liability company, *Defendants/Appellees*.

No. 1 CA-CV 14-0344
FILED 8-13-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-006204
The Honorable Arthur T. Anderson, Judge

**VACATED AND REMANDED**

COUNSEL

Marco Antonio Chavira, Phoenix
*Plaintiff/Appellant*

Udall Shumway PLC, Mesa
By Joel E. Sannes
*Counsel for Defendants/Appellees*

## OPINION

Presiding Judge Maurice Portley delivered the Opinion of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

**P O R T L E Y**, Judge:

**¶1**        Plaintiff Marco Antonio Chavira, doing business as Add On Power, challenges the summary judgment granted in favor of Armor Designs of Delaware, Inc., and Armor Designs, LLC (collectively, "Armor"). He contends the superior court erred by precluding him from attempting to collect for any of the work he completed for Armor. Because Chavira is a licensed contractor, he had the right to maintain an action to recover payment for the work he performed for Armor pursuant to his license. Accordingly, we vacate the judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Chavira, a licensed and bonded electrical contractor, registered with the Arizona Registrar of Contractors,[1] was hired by Armor to disassemble equipment located at its Phoenix manufacturing plant and was paid in full. Shortly thereafter, Armor hired Chavira to reinstall the same equipment at its new manufacturing facility. Chavira performed the work.

**¶3**        Chavira sought payment, but Armor refused to pay for any of the installation work. Chavira subsequently filed a lawsuit alleging breach of contract, quantum meruit, negligent misrepresentation, and bad faith. After discovery, Armor moved for summary judgment, arguing that Chavira was barred from maintaining a lawsuit by Arizona Revised

---

[1] Chavira holds a K-11 electrical license, which "allows the scope of work permitted by the commercial L-11 Electrical and residential C-11 Electrical licenses." Ariz. Admin. Code ("A.A.C.") R4-9-104(B) (1999) (amended by Ariz. Reg. 340721 (2014)). The scope of the commercial L-11 electrical license is defined in A.A.C. R4-9-102(B) (1999) (amended by Ariz. Reg. 340721 (2014)).

Statutes ("A.R.S.") section 32-1153,[2] because he had performed "significant work for which [he] had no license."

¶4        The superior court granted Armor's motion and dismissed Chavira's complaint with prejudice. This appeal followed.

## DISCUSSION

¶5        The sole issue is whether § 32-1153 bars Chavira from maintaining an action to recover any payment for work he performed if some of the work fell outside the scope of his license.

¶6        We independently review the grant of summary judgment to determine if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Blevins v. Gov't Emps. Ins. Co.*, 227 Ariz. 456, 458, ¶ 5, 258 P.3d 274, 276 (App. 2011). We construe the evidence and all reasonable inferences in favor of the opposing party; however, if we find that a reasonable jury could only find for one party, we will uphold the grant of summary judgment. *Id.; see also Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We will also independently review whether the court properly construed § 32-1153. *See Blevins*, 227 Ariz. at 459, ¶ 13, 258 P.3d at 277; *Indus. Comm'n v. Old Republic Ins. Co.*, 223 Ariz. 75, 77-78, ¶¶ 6-8, 219 P.3d 285, 287-88 (App. 2009). In interpreting the statute, we primarily rely on its language and interpret the terms according to their common meaning to give effect to the legislative intent. *Id.* at ¶ 7.

¶7        Chavira contends that because he was a licensed electrical contractor when he entered into the contract with Armor, § 32-1153 permits him to maintain his action against Armor to recover payment for, at least, his licensed electrical work. Although Armor does not challenge the fact that Chavira has an electrical license, Armor argues that because Chavira "did not have a license to perform all of the work he claims to have performed," § 32-1153 bars him from recovering for any of his work.[3]

---

[2] We cite the current version of a statute unless otherwise noted.

[3] Armor alleges that eighteen of the seventy-seven invoiced tasks from Chavira fell outside of the license. Although Chavira challenges the numbers, if Armor's allegations are correct, then the vast majority of the tasks Chavira performed fell within the scope of his electrical contracting license. Consequently, there is a genuine issue of material fact about the value of licensed services Armor owes to Chavira.

¶8          Section 32-1153 provides that:

> No contractor as defined in § 32-1101 shall act
> as agent or commence or maintain any action in
> any court of the state for collection of
> compensation for the performance of any act for
> which a license is required by this chapter
> without alleging and proving that the
> contracting party whose contract gives rise to
> the claim was a duly licensed contractor when
> the contract sued upon was entered into and
> when the alleged cause of action arose.

¶9          The plain language of § 32-1153 prohibits an unlicensed contractor from bringing an action to recover payment for unlicensed acts. The purpose of the statute, as has been long held, is to protect the public. *See Sobel v. Jones,* 96 Ariz. 297, 300-01, 394 P.2d 415, 417 (1964); *B & P Concrete, Inc. v. Turnbow*, 114 Ariz. 408, 410, 561 P.2d 329, 331 (App. 1977). We have also held that the court cannot use concepts of equity to allow an unlicensed contractor to sue to collect payment. *See Crowe v. Hickman's Egg Ranch, Inc.*, 202 Ariz. 113, 117, ¶ 18, 41 P.3d 651, 655 (App. 2002) (citing *Northen v. Elledge*, 72 Ariz. 166, 173, 232 P.2d 111, 116 (1951)).

¶10         However, we have also stated that the plain language of the statute allows a licensed contractor, or one who has substantially complied with the licensing requirements, *see WB, The Building Co. v. El Destino, LP*, 227 Ariz. 302, 309, ¶ 18, 257 P.3d 1182, 1189 (App. 2011), to sue for payment for work performed under the license. *See Aesthetic Prop. Maint. Inc. v. Capitol Indem. Corp.*, 183 Ariz. 74, 77-78, 900 P.2d 1210, 1213-14 (1995) (stating that substantial compliance may be adequate when it does not defeat the statute's general policy or purpose); *Love v. Double "AA" Constructors, Inc.*, 117 Ariz. 41, 46, 570 P.2d 812, 817 (App. 1977) (finding that § 32-1153 "was not intended to injure licensed contractors"). In fact, we have stated the statute "should not be given an overbroad construction so as to preclude partial recovery as to a valid portion of the contract." *Miller v. Superior Court In & For Pima Cnty.*, 8 Ariz. App. 420, 423, 446 P.2d 699, 702 (1968). Thus, we have long held that if the contract value can be apportioned between licensed and unlicensed work, then "each item of a contract will be treated as a separate unit." *Id.*

¶11         Here, there is no dispute that Chavira is a licensed electrical contractor. He performed work for Armor; some portion of the work was covered by his license, but some apparently was not. Consequently,

§ 32-1153 is "not a sword" that can be used to prevent Chavira from recovering for at least that portion of the work he performed for Armor that was covered by his license. *See Crowe*, 202 Ariz. at 118, 41 P.3d at 656 (Voss, J., dissenting).

**¶12** Armor argues, however, that our decision in *City of Phoenix v. Superior Court In & For County of Maricopa*, 184 Ariz. 435, 909 P.2d 502 (App. 1995), bars Chavira's action. There, an unsuccessful bidder for a city construction project relied on A.R.S. § 32-1151 to unseat, by special action to the superior court, the successful bidder. *Id.* We recognized that while § 32-1151 required a bidder on a construction contract to have "all licenses required for the entire project at the time it submits a bid," following *Aesthetic Property Maintenance*, we held that the successful bidder, who had a license, substantially complied with the statute by getting the additional required licenses after the Registrar of Contractors opined that other licenses were required. *See City of Phoenix*, 184 Ariz. at 437-38, 909 P.2d at 504-05. As a result, we granted the successful bidder relief by vacating the superior court's order. *Id*. at 438, 909 P.2d at 505.

**¶13** The question here, however, is different than that posed in *City of Phoenix*. We are not asked to decide whether Chavira violated § 32-1151,[4] but whether he should be precluded as a matter of law from seeking to recover for the work performed for Armor covered by his license even though he performed some work outside the scope of his license. As a result, *City of Phoenix* does not support summary judgment for Armor or help inform our decision.

---

[4] Section 32-1151 provides:

> It is unlawful for any person, firm, partnership, corporation, association or other organization . . . to engage in the business of, submit a bid or respond to a request for qualification or a request for proposals for construction services as, act or offer to act in the capacity of or purport to have the capacity of a contractor without having a contractor's license in good standing . . . .

The statute makes it "unlawful" for a contractor to engage in business without a license but does not establish a penalty. *See In re Spanish Trails Lanes, Inc.*, 16 B.R. 304, 307 (Bankr. D. Ariz. 1981). Section 32-1153 sets the penalty. *See id.*

¶14          We find support for our analysis that § 32-1153 allows Chavira to sue Armor for the value of the work performed under his electrical license in *Shultz v. Lujan*, 948 P.2d 558 (Haw. Ct. App. 1997). There, the Hawaii Court of Appeals interpreted a Hawaiian statute similar to § 32-1153 and addressed whether a person who was only partially licensed could "bring an action to recover payment for the licensed portion of the work." *Schultz*, 948 P.2d at 561. After considering the statute, the court stated:

> If a person contracts to perform the work of a contractor and, at the time of contracting, the person is not licensed to do any of the work, then that person cannot bring a civil action to recover payment for any of the work he has done; however, if the person, at the time of contracting, is licensed to perform some of the work contracted for, then that person can bring a civil action to recover payment for the licensed work he has done, while payment for the unlicensed work remains unrecoverable.

*Id*. at 563.

¶15          Given the plain language of § 32-1153, Chavira can pursue his breach of contract claim against Armor for the value of the work that was completed under his license. Consequently, we vacate the judgment dismissing the complaint with prejudice.

¶16          Although § 32-1153 allows Chavira to pursue his breach of contract claim for the value of the licensed work, he will still have to prove as a factual matter that the licensed work can be bifurcated from the unlicensed work. He will also have to prove the value of the licensed work completed because that is a dispute between the parties. [5]

¶17          Armor requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 12-341.01. Because Armor did not prevail on appeal, we deny its request. We award Chavira his costs on appeal as the

---

[5] Chavira also alleges that Armor is in possession of rented steel plates used to install the equipment. On remand, the superior court can determine if the claim is alleged in the amended complaint, whether the allegation can be added, if need be, and related relevant issues.

successful party upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶18**      We vacate the judgment and remand this case for further proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: RT