480 P.2d 368

**NATIONAL SECURITIES, INC.,**
Appellant,

v.

**Richard G. JOHNSON and B. B. Bilbrey,**
Appellees.

**No. 1 CA–CIV 1393.**

Court of Appeals of Arizona,
Division 1.

Feb. 8, 1971.
Rehearing Denied March 12, 1971.
Review Denied April 6, 1971.

**32**

Lewis & Roca by Jeremy E. Butler and Edward M. Lewis, Phoenix, for appellant.

Snell & Wilmer, by Loren W. Counce, Jr., Phoenix, for appellees.

KRUCKER, Chief Judge.

In this appeal, the defendant below attacks a judgment in favor of the plaintiffs below, in which the trial court ruled that selling credit life policies, with commissions to the seller depending on the experience on the policies sold, constituted neither engaging in nor having an interest in the life insurance business *as an insurer.* The parties will be referred to as they appeared below. The plaintiffs were also awarded their expenses in bringing this case, including attorney's fees, and interest on the amount of their recovery on the agreement involved.

The plaintiffs sold stock in Producers Life Insurance Company to the defendant, and the parties executed Agreements Not to Compete in connection therewith on April 27, 1964. The plaintiffs agreed in these agreements not to engage in any form of life insurance business as an insurer and not to become financially interested in or hold stock in any business entity engaged in the life insurance business as an insurer, for ten years after the date of the agreements. By the terms of these agreements the defendant was obligated to pay the plaintiffs sums of money in 120 consecutive monthly installments. The defendant made these monthly payments for nearly four years, but stopped paying on April 1, 1968, and subsequently on May 1, 1968. On May 15, 1968, the plaintiffs instituted the instant action for payment un-

der the agreements. The defendant's defense was that plaintiffs had breached the Agreements Not to Compete by being financially interested in Producers Finance Company (the plaintiffs were officers and stockholders of this company, a small loan business which the plaintiffs continued to operate after the sale of their stock in the insurance company).

Subsequent to the execution of the Agreements Not to Compete, Producers Finance Company had continued to make small loans and, in connection with these loans, sell credit life and other types of insurance incidental to the loan contracts. The insurance policies were payable to this loan company in the event of the contingencies insured against. These policies were in part with Producers Life Insurance Company and the successor to that company, which was controlled by the defendant, until September 1, 1968, a few months after the present action was begun.

Producers Finance Company also made available to its customers policies with American Bankers Life Assurance Company of Florida, exclusively after September 1, 1968. The arrangement Producers Finance had with American Bankers is the basis of the defendant's contention that plaintiffs (through their connection with Producers Finance) were financially interested in a business entity which was in the insurance business *as an insurer.*

Producers Finance solicited and sold insurance to its customers (under 65 years of age) as members of a group under a master agreement with American Bankers. The issuance of the policies was automatic upon the customer's request, with no submission of applications to, or prior approval of, American Bankers. Producers Finance received commissions on the policies issued, with the amount of the commissions depending on the experience on the policies. It should be noted that the testimony revealed that subsequent to the execution of the Agreements Not to Compete, Producers Finance sold credit life policies with Producers Life Insurance Company and its successor, as described above. The

commissions on these latter policies were straight, i. e., non-varying by dependence on policy experience. The managers of the different offices of Producers Finance were licensed agents of the insurance companies whose policies Producers Finance sold after April 27, 1964.

The question in this case is simply whether or not Producers Finance was an insurer, so as to render the plaintiffs' interests therein breaches of the Agreement Not to Compete. The trial court ruled it was not. Our task in this case is to look at the language of these agreements and determine whether the facts here constitute breaches. We find that the trial court was correct.

It is plaintiffs' contention that Producers Finance was an agent, not an insurer; the defendant urges that Producers Finance was an insurer. The Arizona statute defining insurer does so as follows:

"'Insurer' includes every person engaged in the business of making contracts of insurance." A.R.S. § 20–104

A "person" is defined to include a corporation. A.R.S. § 20–105. "Insurance" is defined as:

"* * * a contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies." A.R.S. § 20–103

The treatises define "insurer" in the same terms as the Arizona statute, A.R.S. § 20–104, as well as in terms of one who assumes the risk or underwrites a policy. 2 Couch on Insurance 2d § 18:1; 43 Am. Jur.2d Insurance § 250; 44 C.J.S. Insurance § 49. Black's Law Dictionary (4th ed. 1951) defines insurer as the "underwriter or insurance company with whom a contract of insurance is made." The Indiana Supreme Court has made a distinction between "making insurance" and "acting as an agent," which is helpful in the case at bar. State ex rel. Meade v. Marion Superior Court, 242 Ind. 22, 174 N.E.2d 408, 175 N.E.2d 423 (1961). The court, in *Meade,* determined that one of the parties was an agent, broker, or representative, and not a maker of insurance. The plaintiffs also point out that Producers Finance was not a party to the insurance contracts, pointing to the requirements of the definitions referred to above.

We find that Producers Life was not making, or a party to, contracts of insurance with the effect that Producers Finance was not an insurer.

The defendant contends that Producers Finance assumes the risks of the insurance sold. We do not agree with this contention. Producers Finance was not bound to pay holders of the insurance contracts upon the occurrence of any specified events. The arrangement here merely resulted in a variance in the amount of premiums received by Producers Finance.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.