812 P.2d 1124

**Joyce GILEY, a single woman,
Plaintiff/Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a foreign corporation and
Marvin Weider, an agent, Defen-
dants/Appellees.**

**No. 2 CA–CV 91–0016.**

Court of Appeals of Arizona,
Division 2, Department A.

May 16, 1991.

Law Offices of Paul G. Rees, Jr. by Paul
G. Rees, Jr., Tucson, for plaintiff/appel-
lant.

Cronin & Stanewich by Robert J. Cronin,
Jr., Phoenix, for defendants/appellees.

OPINION

LIVERMORE, Presiding Judge.

Viewing the facts most favorably to the
plaintiff Joyce Giley, as we must on this
appeal from an adverse summary judg-
ment, she purchased automobile insurance
coverage from an agent of defendant Lib-
erty Mutual Fire Insurance Company.
During the conversation leading to this
purchase, according to her, the agent de-
scribed uninsured motorist coverage but
did not describe underinsured coverage.
Instead, he handed her a form, asked her to
sign it if she wanted coverage, and then
kept that form in the company files. Un-
known to Ms. Giley, that form contained a
written offer of underinsured motorist cov-
erage. The issue is whether these facts
establish as a matter of law that Liberty
Mutual satisfied the requirement of A.R.S.
§ 20–259.01(C) that it "make available ...
[and] by written notice offer" underinsured
motorist coverage to new policyholders.
The trial court found that they did. We
disagree and reverse.

The basis of the trial court's ruling was
that the statute does not require that an
insurer explain underinsured coverage to a
potential insured only that it offer such
coverage by written notice, that such notice
was given, and that nothing was done to
prevent Ms. Giley from reading that notice.
We question these conclusions, as we be-
lieve a trier could, on two bases. First, the
phrase "make available" requires that the
insurer offer such coverage in a way rea-
sonably calculated to bring to the insured's
attention that which is being offered. If
Ms. Giley's testimony is credited, the agent
did not do so. Second, handing a form to
her, asking her to sign it if she wants
coverage, and then retaining the form is, in
fact, conduct likely to prevent Ms. Giley
from reading the form. A trier could rea-
sonably conclude that the Liberty Mutual
agent, intentionally or negligently, en-
gaged in conduct that did not make under-
insured coverage available and did not by

written notice offer such coverage because the insured was led to believe she was simply signing an application for insurance.

Reversed.

HATHAWAY and LACAGNINA, JJ., concur.