915 P.2d 665

**Maria A. TALLENT and David L. Tallent, wife and husband, Plaintiffs–Appellees,**

**v.**

**NATIONAL GENERAL INSURANCE COMPANY, a Missouri corporation, Defendant–Appellant.**

**No. CV–95–0244–PR.**

Supreme Court of Arizona, En Banc.

April 16, 1996.

Susan C. Ellerhorst, Paradise Valley, for Plaintiffs–Appellees.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Hunsaker, Frank M. Fox, Christopher Robbins, Phoenix, for Defendant–Appellant.

Broening, Oberg & Woods, P.C. by Neal B. Thomas, Phoenix, for Amicus Curiae Farmers Insurance Company of Arizona, Mid–Century Insurance Company, and Alpha Property and Casualty Insurance Company.

Steven J. Wells & Associates by William F. Begley, Tempe, for Amicus Curiae State Farm Mutual Automobile Insurance Company.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

The trial court held that insurers who are required by former A.R.S. § 20–259.01(C) to offer underinsured motorist coverage (UIM) to insureds must also provide an explanation of the nature of such coverage.[1] In a split decision, the court of appeals affirmed. We granted review and have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3). We reverse.

### FACTS AND PROCEDURAL HISTORY

Maria and David Tallent purchased an insurance policy from National General Insurance Company (National) in 1988. In November of that year, Ms. Tallent was involved in an automobile accident with an underinsured driver. She submitted a claim for UIM to National for $100,000 even though her policy stated that she had only $15,000 in UIM coverage. When National denied her claim for amounts in excess of $15,000, Ms. Tallent sought a declaratory judgment that she was entitled to

---

1. The statute now appears at A.R.S. § 20–259.01(B).

$100,000, claiming that National had not offered her coverage in the amount of her liability coverage ($100,000) as required by the statute. National contended that it had offered the Tallents UIM coverage by sending them a form entitled "Arizona Notice." The form included a schedule of available UIM limits and rates and a place for the insured to check the desired limits (see copy of form, Appendix A, attached). National contended that the form constituted a valid offer of UIM coverage under the statute. Ms. Tallent denied receiving the form.

The trial court did not get to the issue of whether the Tallents received the form because it held that National's "Arizona Notice," even if received by the Tallents, did not constitute a valid offer under the statute. Concluding that the appropriate remedy for the insurer's failure to comply with the statute was to read UIM coverage into the policy to the extent of the policy's liability coverage, the trial court granted Ms. Tallent's motion for summary judgment for $100,000. The majority of the court of appeals agreed with the trial court that National's offer was insufficient because it contained no explanation of UIM coverage. *Tallent v. National Gen. Ins. Co.*, 183 Ariz. 304, 310, 903 P.2d 612, 618 (App.1995). We granted review. Our standard of review of this legal issue is *de novo*. *See Wilderness World, Inc. v. Department of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995); *Gary Outdoor Advertising Co. v. Sun Lodge, Inc.*, 133 Ariz. 240, 242, 650 P.2d 1222, 1224 (1982); *Libra Group, Inc. v. State*, 167 Ariz. 176, 179, 805 P.2d 409, 412 (App. 1991).

## DISCUSSION

Under certain circumstances, such as those present here, insurers providing motor vehicle liability policies in Arizona must make a written offer of UIM coverage and make such coverage available to their policyholders. The part of former A.R.S. § 20–259.01(C) relevant to this case provides:

> Every insurer writing automobile liability or motor vehicle liability policies ... shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsurance motorist coverage which extends to and covers all persons insured under the policy....

Thus, the statute requires that insurers both "offer" and "make available" UIM coverage.

The only issue before us is whether the form used by National is deficient as an "offer" because it does not contain an explanation of the nature of UIM coverage. No other challenge to the form has been made. We hold the statute does not require the offer to contain an explanation of the nature of UIM insurance.[2]

The majority of the court of appeals focused on language in *Giley v. Liberty Mut. Fire Ins. Co.*, 168 Ariz. 306, 812 P.2d 1124 (App.1991), which held that insurers must offer UIM coverage "in a way reasonably calculated to bring to the insured's attention that which is being offered." *Tallent*, 183 Ariz. at 307, 903 P.2d at 615. We believe National's "Arizona Notice" did that. In *Giley*, an insurance agent, without mentioning UIM coverage, handed the insured a form and told her to sign it if she wanted "coverage." Unbeknownst to the insured, the form contained an offer of UIM coverage. Under those circumstances, the court held that a trier of fact could find there had not been an offer by written notice of UIM coverage. *Giley*, 168 Ariz. at 306, 812 P.2d at 1124. Nothing like that happened here. *Giley* is inapplicable to our facts.

Arizona Revised Statutes do not define the term "offer" anywhere in title 20 or in section 1–215, the general definition section dealing with statutory construction. However, under general contract principles, to make an offer is simply "[t]o bring to or before; to present for acceptance or rejection; to hold out or proffer; to make a proposal to; to exhibit something that may

---

2. Perhaps questions of this type will not arise in the future because the law now provides that "[t]he selection of limits or the rejection of coverage by a named insured or an applicant on a form approved by the director [of insurance for the state of Arizona] shall be valid for all insureds...." (A.R.S. § 20–259.01(B) Supp. 1995).

be taken or received or not." Black's Law Dictionary 1081 (6th ed.1990); *see* Joseph M. Perillo, Corbin on Contracts § 1.11 (revised ed. 1993) ("An offer is an expression by one party of assent to certain definite terms, provided that the other party involved in the bargaining transaction will likewise express assent to the same terms."); Restatement (Second) of Contracts § 24 (1981) ("An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.").

Because we find the word "offer" to be unambiguous as used in former A.R.S. § 20–259.01(C), there is no need to determine what the legislature intended by using that term. *See City of Mesa v. Killingsworth,* 96 Ariz. 290, 294, 394 P.2d 410, 412 (1964); *see also State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985); *El Paso Natural Gas Co. v. Mohave County,* 133 Ariz. 59, 62, 649 P.2d 262, 265 (1982).

The imposition of a requirement for an explanation of coverage is, we believe, both unwarranted by the statute and unwise. The trial court apparently believed that an insurer could "merely state" a sort of shorthand definition of UIM, while the court of appeals felt that "[i]n most cases . . . only a sentence or two would be necessary to explain UIM." *Tallent,* 183 Ariz. at 307, 309, 903 P.2d at 615, 617. Our view of the effects of the court of appeals' opinion is less sanguine. Such shorthand explanations would inevitably lead to claims that insurers had inadequately explained all the ramifications of UIM coverage or the lack thereof calling for yet further explanations. Certainly this has been the common experience in other types of insurance coverage claims. The statute requires an offer of UIM coverage—not a treatise on UIM coverage. National's form certainly seems sufficient to cause any insured or potential insured who has questions about the meaning of UM or UIM coverages to ask for an explanation.

We recognize that a few states with statutes similar to ours have required insurers to explain the nature of UIM coverage to their policyholders. *See, e.g., Mollena v. Fireman's Fund Ins. Co. of Hawaii,* 72 Haw. 314, 816 P.2d 968, 971–73 (1991); *State Farm Mut. Auto. Ins. Co. v. Wannamaker,* 291 S.C. 518, 354 S.E.2d 555, 556 (1987); *Hastings v. United Pac. Ins. Co.,* 318 N.W.2d 849, 851–53 (Minn.1982). *But see Silver v. Slusher,* 770 P.2d 878, 884 (Okla.1988), *cert. denied,* 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989). We find nothing in our statute justifying the imposition of this additional requirement. If the legislature desires such an addition, it may create one.

## DISPOSITION

The opinion of the court of appeals is vacated and the judgment of the trial court is reversed. We remand this case to the trial court for proceedings consistent with this opinion.

FELDMAN, C.J., ZLAKET, V.C.J., and MARTONE, J., and CORCORAN, J. (Retired).

APPENDIX A

NATIONAL GENERAL INSURANCE COMPANY
Arizona Notice

This form is used for selecting (or changing) your Uninsured/Underinsured Motorists Coverage

Uninsured Motorists Coverage

| Option (Check One) | Limits * | Semiannual Premium Territories 15, 16, 17 | All Other Territories |
|---|---|---|---|
| ☐ | $ 15,000/ 30,000 | $14 | $ 8 |

| Option (Check One) | Limits * | Semiannual Premium Territories 15, 16, 17 | All Other Territories |
|---|---|---|---|
| ☐ | 20,000/ 40,000 | 16 | 10 |
| ☐ | 25,000/ 50,000 | 17 | 11 |
| ☐ | 50,000/100,000 | 18 | 12 |
| ☐ | 100,000/300,000 | 19 | 13 |

\* The selected limits cannot be greater than your Bodily Injury Liability Limits.

### Underinsured Motorists Coverage

| Option (Check One) | Limits * | Semiannual Premium (All Territories) |
|---|---|---|
| ☐ | $ 15,000/ 30,000 | $ 5 |
| ☐ | 20,000/ 40,000 | 6 |
| ☐ | 25,000/ 50,000 | 6 |
| ☐ | 50,000/100,000 | 8 |
| ☐ | 100,000/300,000 | 9 |

\* The selected limits cannot be greater than your Uninsured Motorists Coverage Limits.

Zip/Policy Number: _____

Name (Please Print): _____

Signature: _____ Date: _____