IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KATELIN NEWMAN, *Plaintiff/Appellant*,

*v.*

CORNERSTONE NATIONAL INSURANCE COMPANY dba FREEDOM
NATIONAL INSURANCE SERVICES, *Defendant/Appellee*.

No. 1 CA-CV13-0082
FILED 3-27-2014

Appeal from the Superior Court in Maricopa County
No. CV2011-099023
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Warnock, MacKinlay, & Carman, PLLC, Phoenix
By Brian R. Warnock and Krista M. Carman
*Counsel for Plaintiff/Appellant*

Elardo, Bragg, Appell & Rossi, P.C. , Phoenix
By John A. Elardo and Amanda Nelson
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge Jon W. Thompson delivered the opinion of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Margaret H. Downie joined.

---

**T H O M P S O N,** Judge:

**¶1**        This opinion addresses whether a premium price is required on a written offer of underinsured (UIM) motorist coverage pursuant to Arizona Revised Statutes (A.R.S.) § 20-259.01(B) (Supp. 2012).[1]  Plaintiff Katelin Newman (Newman) appeals from the trial court's judgment in favor of Cornerstone National Insurance Company (Cornerstone).  We affirm, holding no premium price is required for a written offer of UIM coverage to be valid.

---

[1]   Section 20-259.01(B), regulating offers of UIM, reads in pertinent part:

> Every insurer writing automobile liability or motor vehicle liability policies shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The selection of limits or rejection of coverage by a named insured or applicant on a form approved by the director shall be valid for all insureds under the policy.

The background and legislative history of uninsured motorist (UM) and underinsured motorist (UIM) coverage in Arizona can be found in *Ballesteros v. American Standard Ins. Co. of Wisconsin*, 226 Ariz. 345, 346, ¶ 8, 248 P.3d 193, 194 (2011).

¶2 In May 2011, Newman was seriously injured in an automobile accident. The policy limits of both her own insurance and the adverse party's insurance were insufficient to cover the loss. Newman sought payment of UIM benefits from her insurer Cornerstone. Cornerstone rejected the UIM claim, relying on a waiver form declining UIM coverage Newman had signed in 2010. Newman filed suit against Cornerstone and sought partial summary judgment asserting Cornerstone's UIM coverage "offer" was deficient under A.R.S. § 20-259.01(B) in that it lacked a premium price. Cornerstone filed a cross-motion for summary judgment on the basis that Newman had waived UIM benefits. The trial court, relying primarily on *Garcia v. Farmers Ins. Co. of Arizona*, found for Cornerstone and against Newman. *See* 191 Ariz. 410, 956 P.2d 537 (App. 1998). Final judgment was entered and Newman timely appealed.

¶3 Arizona Rule of Civil Procedure 56(a) allows a trial court to enter summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." We review a summary judgment determination de novo, viewing the facts and inferences drawn from those facts in the light most favorable to the party against whom judgment was entered. *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55, ¶ 8, 156 P.3d 1157, 1160 (App. 2007). We will affirm summary judgment if it is correct for any reason. *City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, 111, ¶ 14, 32 P.3d 31, 36 (App. 2001).

¶4 Newman asserts that the trial court erred in entering summary judgment for Cornerstone. She argues that to comply with A.R.S. § 20-259.01 the insurer must "make available" and "offer" UIM coverage, which she argues must necessarily include providing definite terms such as a premium quote in the blank space provided on the form approved by the Arizona Department of Insurance. To this end, Newman cites, generally, to *Tallent v. National Gen. Ins. Co.*, 185 Ariz. 266, 915 P.2d 665 (1996) and *Ballesteros*, 226 Ariz. 345, 248 P.3d 193, and, more specifically, to *Melendez v. Hallmark Ins. Co.*, 232 Ariz. 327, 305 P.3d 392 (App. 2013) (holding insurer's UIM offer was ineffectual when it offered no premium price and was on a form that failed to comply with Department of Insurance guidelines) (depublished by order of the Arizona Supreme Court August 27, 2013).

¶5 Cornerstone, in response, asserts that no Arizona statute or case law requires the insurer to include the premium price in the offer. It further notes that while A.R.S. § 20–259.01 does not require insurers to use forms approved by the Department of Insurance, its use of an approved

3

form is considered conclusive evidence it complied with the statute. *See Ballesteros*, 226 Ariz. at 350, ¶ 21, 248 P.3d at 198. For these reasons, Cornerstone asserts that the trial court correctly granted it judgment. We agree.

¶6 Statutory interpretation is a question of law that we review de novo. *People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, 403, ¶ 7, 46 P.3d 412, 414 (2002). Where the statutory language is clear, we hold to the plain meaning of its terms. *Rineer v. Leonardo*, 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). As "[o]ur goal in interpreting statutes is to fulfill the intent and purpose of the legislature" we look first to the plain language of the statute "as the most reliable indicator of its meaning." *Garden Lakes Cmty. Ass'n, Inc. v. Madigan*, 204 Ariz. 238, 241, ¶ 14, 62 P.3d 983, 986 (App. 2003); *New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App. 2009). The plain language of A.R.S. § 20-259.01 does not require insurers to provide a UIM premium quote as part of the offer of coverage to insureds. The statute merely requires insurers to "make available" by "written offer" UIM coverage in an amount not less than the liability limits for bodily injury or death. *See* A.R.S. § 20-259.01(B); *Tallent*, 185 Ariz. at 266, 915 P.2d at 666.

¶7 Courts are "not at liberty to rewrite [a] statute under the guise of judicial interpretation." *State v. Patchin*, 125 Ariz. 501, 502, 610 P.2d 1062, 1063 (App. 1980). Rather, "[t]he choice of appropriate wording rests with the Legislature." *City of Phoenix v. Butler*, 110 Ariz. 160, 162, 515 P.2d 1180, 1182 (1973). The statute is very specific regarding what the offer must contain and we will not substitute our judgment by imposing any additional statutory requirements. *See Tallent*, 185 Ariz. at 268, 915 P.2d at 667 ("[w]e find nothing in [A.R.S. § 20–259.01] justifying the imposition of this additional requirement. If the legislature desires such an addition, it may create one."); *Ballesteros*, 226 Ariz. at 349, ¶ 17, 248 P.3d at 197 ("[i]f the legislature desires to add such a requirement, it may do so . . . but it is not our place to rewrite the statute").

¶8 Likewise, the case law cited by Newman interpreting A.R.S. § 20-259.01 does not require the inclusion of a premium quote to satisfy the "offer" requirement of the statute. Our supreme court in *Tallent* used the plain meaning of "offer": "[t]o bring to or before; to present for acceptance or rejection; to hold out or proffer; to make a proposal to; to exhibit something that may be taken or received or not" after finding the word "offer" in A.R.S. § 20-259.01 to be so unambiguous that there was no "need to determine what the legislature intended by using that term." 185 Ariz. at 267-68, 915 P.2d at 666-67 (citations omitted). The supreme

court held that the insurer's written notice to the insured was a sufficient offer of UIM coverage despite the notice's lack of explanation of the benefit because:

> The imposition of a requirement for an explanation of coverage is, we believe, both unwarranted by the statute and unwise . . . The statute requires an offer of UIM coverage-not a treatise on UIM coverage. National's form certainly seems sufficient to cause any insured or potential insured who has questions about the meaning of UM or UIM coverages to ask for an explanation.

*Id.* at 268, 915 P.2d at 667.

**¶9**        The *Ballesteros* case similarly provides no basis for holding an insurer's offer must list the premium to be charged for UIM coverage. *See* 226 Ariz. at 346–47, ¶¶ 1, 6, 248 P.3d at 194–95. In *Ballesteros*, the supreme court examined whether UM coverage offered by way of an English language form to a Spanish speaker constituted a valid offer to make such coverage available. *Id.* The court concluded the notice was sufficiently clear that a reasonable reader would understand that coverage was being offered that, "if accepted, would bind the insurer to provide the offered coverage." *Id.* at 349, ¶ 11, 248 P.3d at 196.

**¶10**        As noted by the trial court, this court has also examined the "offer" component of A.R.S. § 20-259.01.[2] In *Garcia*, we held that Farmers made a valid UIM offer where there was no premium quote and Farmers

---

[2] Given this result, we need not expound at length as to how contracts may be entered even without enumerated price terms. *See, e.g., Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 27, ¶ 7, 270 P.3d 852, 854 (App. 2011); *Banner Health v. Medical Sav. Ins. Co.*, 216 Ariz. 146, 163 P.3d 1096 (App. 2007) (price terms were supplied by the hospitals' rates filed with Department of Health Services). Premium amounts are presumably ascertainable by reference to the Underwriting Rules and Rate Manual once the coverage limits are selected. In the course of this litigation, Cornerstone disclosed its rate manual and the rate of UIM/UM coverage to Newman.

had pre-selected the coverage amount for the insureds.[3]  191 Ariz. at 412, ¶ 19, 956 P.2d at 539.  We found: "Farmers adequately offered UIM coverage. The election form did 'bring before' and 'hold out' to the Garcias that UIM coverage was available. The form referred to the applicable limits and indicated how the Garcias could change their policy. Nothing more is required under *Tallent*." *Id. Garcia* did not require a premium quote to fulfill the statutory requirements, and we similarly find no basis for requiring it here.  Cornerstone's offer of UIM coverage to Newman satisfied the requirements of A.R.S. § 20-259.01.[4]

---

[3]  That the notice did not contain a premium quote was an issue made clear in the dissent by Judge Fidel. *See Garcia*, 191 Ariz. 412, ¶ 29, 956 P.2d 539.

[4] Although we have reached the merits of the offer, we note that it is undisputed that Newman signed the UIM waiver form on December 16, 2010, and that the form used by Cornerstone was approved by the Department of Insurance in 2007.  The *Ballesteros* court held:

> After passage of the 1992 amendment, if an insurer provides and the insured signs a DOI–approved UM/UIM selection form, the insurer has satisfied the statutory requirement to "make available" and "by written notice offer" UM/UIM coverage. Senate Committee Minutes 9 ("[T]he insurance agent can use a form approved by the Director of the Department of Insurance to satisfy [§ 20–259.01]."); Fact Sheet (noting that § 20–259.01 "is satisfied if the insured signs a form approved by the Department of Insurance stating the amount of coverage desired").

226 Ariz. at 350, ¶ 21, 248 P.3d at 198.

¶11     For the above stated reasons, we decline to extend the "offer" requirements of A.R.S. § 20-259.01 beyond the statutory language enacted by our legislature and beyond the bounds laid out by our case law.  A premium quote is not a required term for a valid offer of UIM coverage.

¶12     The trial court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT