IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

KATELIN NEWMAN,
*Plaintiff/Appellant,*

v.

CORNERSTONE NATIONAL INSURANCE COMPANY DBA FREEDOM NATIONAL
INSURANCE SERVICES,
*Defendant/Appellee.*

No. CV-14-0121-PR
Filed March 18, 2015

Appeal from the Superior Court in Maricopa County
The Honorable David O. Cunanan, Judge
No. CV2011-099023
**AFFIRMED**

Opinion of the Court of Appeals, Division One
234 Ariz. 377, 322 P.3d 194 (App. 2014)
**VACATED**

COUNSEL:

Krista M. Carman (argued), Brian R. Warnock, Warnock, MacKinlay &
Carman, PLLC, Prescott, Attorneys for Katelin Newman

John A. Elardo, Venessa J. Bragg, Amanda Nelson, Elardo, Bragg, Appel &
Rossi, P.C., Phoenix, Attorneys for Cornerstone National Insurance
Company dba Freedom National Insurance Services

Stanley G. Feldman, Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.,
Tucson; and David L. Abney, Knapp & Roberts, P.C., Scottsdale, Attorneys
for Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers
Association

Myles P. Hassett, Julie K. Moen, Jamie A. Glasser, The Hassett Law Firm,
P.L.C., Phoenix, Attorneys for Amicus Curiae Independent Insurance
Agents and Brokers of Arizona

Joel DeCiancio, Christopher Robbins (argued), DeCiancio Robbins, PLC, Tempe, Attorneys for Amicus Curiae State Farm Mutual Automobile Insurance Company

Barry M. Corey, DeConcini McDonald Yetwin & Lacy, P.C., Tucson, Attorney for Amicus Curiae Nicolette Davis

_____

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BERCH and TIMMER joined.

_____

JUSTICE BRUTINEL, opinion of the Court:

**¶1** Arizona Revised Statutes § 20-259.01(B) requires motor vehicle insurers writing liability policies to "make available" and "by written notice offer" underinsured motorist ("UIM") coverage to their insureds. We hold that § 20-259.01(B) does not require the notice to specify the cost of the UIM coverage.

I.

**¶2** Katelin Newman was injured in a motor vehicle accident caused by another driver's negligence. The at-fault driver's insurance was insufficient to cover Newman's damages. She sought UIM coverage from her insurer, Cornerstone National Insurance Company ("Cornerstone"), but Cornerstone denied her claim because Newman had waived UIM coverage. Cornerstone had previously offered Newman UIM coverage on a form approved by the Arizona Department of Insurance ("ADOI") when she purchased her car insurance, but Newman declined the coverage.

**¶3** Newman sued, seeking a declaration that the UIM waiver form was void and that she was entitled to coverage. She sought partial summary judgment on the ground that Cornerstone's offer was deficient under A.R.S. § 20-259.01(B) because the written notice offering the UIM coverage did not include a premium quote, which a proper offer requires. Cornerstone cross-moved for summary judgment, arguing that: (1) the ADOI had approved the form on which Newman declined uninsured/underinsured ("UM/UIM") coverage, and ADOI-approved forms satisfy § 20-259.01's requirements; and (2) even if the ADOI had not approved the form, Arizona law does not require an offer of UM/UIM

coverage to include a premium quote. The trial court denied Newman's motion for summary judgment and granted Cornerstone's cross-motion.

¶4        The court of appeals affirmed, holding that "no premium price is required for a written offer of UIM coverage to be valid," and therefore "Cornerstone's offer of UIM coverage to Newman satisfied the requirements of A.R.S. § 20-259.01." *Newman v. Cornerstone Nat'l Ins. Co.*, 234 Ariz. 377, 378 ¶ 1, 380 ¶ 10, 322 P.3d 194, 195, 197 (App. 2014). The court reasoned that the statute is "very specific regarding what the offer must contain" and declined to impose additional requirements. *Id.* at 379 ¶ 7, 322 P.3d at 196.

¶5        We granted review to resolve whether the statutorily required written offer must include a premium quote, a recurrent legal question of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

II.

¶6        We review the interpretation of statutes de novo. *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6, 160 P.3d 166, 168 (2007). Section 20-259.01(B) provides:

> Every insurer writing automobile liability or motor vehicle liability policies shall also *make available* to the named insured thereunder and shall *by written notice offer* the insured and at the request of the insured shall include within the policy underinsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The selection of limits or rejection of coverage by a named insured or applicant on a form approved by the director shall be valid for all insureds under the policy.

(Emphasis added.)

¶7        Newman argues that an "offer," as understood under the common law, must include the price. But this interpretation conflicts with our prior interpretation of the statute.

3

**¶8**       We have held that § 20-259.01's requirement that an insurer "make available" UM/UIM coverage means "that insurers be willing to provide such coverage." *Ballesteros v. Am. Standard Ins. Co. of Wis.*, 226 Ariz. 345, 348 ¶ 11, 248 P.3d 193, 196 (2011).  In *Ballesteros* we also held that the provision "by written notice offer" requires only "that insurers bring the availability of such coverage to the insured's attention."  *Id.* (citing 1981 Ariz. Sess. Laws, Ch. 224, § 1 (1st Reg. Sess.)).  As used in § 20-259.01, the word "offer" is a verb and means "[t]o bring to or before; to present for acceptance or rejection; to hold out or proffer; to make a proposal to; to exhibit something that may be taken or received or not." *Tallent v. Nat'l Gen. Ins. Co.*, 185 Ariz. 266, 267–68, 915 P.2d 665, 666–67 (1996) (quoting Black's Law Dictionary 1081 (6th ed. 1990)).  Thus, § 20-259.01(B) requires an insurer to "make available" UIM insurance and to communicate that availability in a written notice.  The statute does not require the insurer to convey all material terms of the proposed insurance contract.  Although we applied general contract principles in both *Tallent* and *Ballesteros,* we declined to add requirements not specifically included in the statute.  *Id.*; *Ballesteros*, 226 Ariz. at 348–49 ¶¶ 13–14, 248 P.3d at 196–97.

**¶9**       Whether an offer of UM/UIM coverage has been made does not depend on the insured's understanding of the terms being offered, but instead on whether a reasonable person would understand that his or her acceptance would bind the insurer to provide the offered coverage. *Ballesteros*, 226 Ariz. at 348–49 ¶¶ 13–14, 248 P.3d at 196–97.  Based on that reasoning, we held that § 20–259.01 does not require an explanation of UIM coverage. *Tallent*, 185 Ariz. at 267, 915 P.2d at 666.  Similarly, the offer need not be translated into Spanish; the statute requires only that the insurer provide written notice offering coverage that, if accepted, binds the insurer. *Ballesteros*, 226 Ariz. at 349 ¶ 14, 248 P.3d at 197.

**¶10**      Here, Cornerstone's UM/UIM selection form brought the availability of coverage to Newman's attention.  It informed her that she had "a right to purchase *both* <u>Un</u>insured Motorist coverage and <u>Under</u>insured Motorist coverage" in an amount up to her policy's liability limit.   If Newman had elected to receive UM/UIM coverage on Cornerstone's form and initialed the box captioned "Accept," a reasonable person in her position would understand that Cornerstone was bound to provide the coverage regardless of whether a premium price was included.  Cornerstone's offer of UIM coverage satisfied A.R.S. § 20-259.01's requirements.

**¶11**        Although the cost might be useful information in encouraging insureds to purchase coverage and helping them to decide whether to buy, § 20-259.01 does not require this information.  We have previously refused to add requirements to this statute and again decline to do so.  *Ballesteros*, 226 Ariz. at 349 ¶ 17, 248 P.3d at 197; *Tallent*, 185 Ariz. at 268, 915 P.2d at 667.  Nothing precluded Newman from asking how much UIM coverage would cost before she chose to forgo it, and nothing suggests that  insurers would refuse to provide the price information if requested.

### III.

**¶12**        For the foregoing reasons, we affirm the trial court's judgment and vacate the court of appeals' opinion.  Cornerstone also requests an award of its attorney fees on appeal pursuant to A.R.S. § 12-341.01.  In the exercise of our discretion, we deny its request.