IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

LESLEY WILKS AND PAUL WILKS,
WIFE AND HUSBAND,
*Plaintiffs/Appellants,*

*v.*

JOHN MANOBIANCO AND SANDRA LEE MANOBIANCO,
HUSBAND AND WIFE;
JOHN MANOBIANCO INSURANCE AGENCY, INC.,
*Defendants/Appellees.*

No. CV-14-0260-PR
Filed July 9, 2015

Appeal from the Superior Court in Maricopa County
The Honorable Colleen L. French, Judge Pro Tem
The Honorable Douglas L. Rayes, Judge
No. CV2010-026862
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
235 Ariz. 246, 330 P.3d 1003 (2014)
**AFFIRMED**

COUNSEL:

Mick Levin (argued), Tidmore Law Offices, L.L.P., Phoenix, Attorneys for Lesley Wilks and Paul Wilks

Myles P. Hassett (argued), Julie K. Moen, and Jamie A. Glasser, The Hassett Law Firm, P.L.C., Phoenix, Attorneys for John Manobianco, Sandra Lee Manobianco, and John Manobianco Insurance Agency, Inc.

Christopher Robbins and Joel DeCiancio, DeCiancio Robbins, PLC, Tempe, Attorneys for Amicus Curiae Independent Insurance Agents and Brokers of Arizona

David L. Abney, Knapp & Roberts, P.C., Scottsdale, Attorneys for Amicus Curiae Arizona Association for Justice/Arizona Trial Lawyers Association

Stanley G. Feldman (argued) and Thomas G. Cotter, Haralson, Miller, Pitt, Feldman & McAnally, P.L.C., Tucson, Attorneys for Amicus Curiae Robert Murray and Marcia Murray

Greg S. Como, Lewis Brisbois Bisgaard & Smith, LLP, Phoenix, Attorneys for Amicus Curiae Randy Jones and Farmers Insurance Company of Arizona

———————

JUSTICE BERCH authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL and TIMMER joined.

———————

JUSTICE BERCH, opinion of the Court:

**¶1** Arizona Revised Statutes § 20–259.01 requires insurers to offer uninsured motorist ("UM") and underinsured motorist ("UIM") coverage to their insureds. Insurers may prove compliance with the statute by having their insureds sign a Department of Insurance ("DOI") approved form selecting or rejecting such coverage. *Ballesteros v. Am. Standard Ins. Co. of Wis.*, 226 Ariz. 345, 350 ¶ 20, 248 P.3d 193, 198 (2011). The issue in this case is whether compliance with § 20–259.01 bars a negligence claim alleging that the insurance agent failed to procure the UIM coverage requested by the insured. We hold that it does not.

## I. BACKGROUND[1]

**¶2** For two years, Lesley Wilks had car insurance from State

———

[1] In an appeal from the grant of summary judgment, we view the facts and draw reasonable inferences in the light most favorable to the non-

Farm Mutual Automobile Insurance Company, which she obtained through John Manobianco at the Manobianco Insurance Agency (collectively "Manobianco"). Her policy included liability and both UM and UIM coverage. Wilks later replaced the State Farm policy with a policy from another insurance company. A year later, she decided to switch back to State Farm. When doing so, Wilks asked Manobianco to obtain "the exact same coverage that [she] had previously, full coverage." Manobianco did not look up Wilks's prior coverage and procured insurance that did not include UIM coverage. In the course of signing several insurance forms, Wilks signed the DOI-approved form, which had been filled out by Manobianco to reject UIM coverage.

¶3        Several years later, Wilks was rear-ended by an underinsured driver. State Farm denied the UIM claim she made under her policy. Wilks and her husband then sued Manobianco for malpractice for failing to procure the insurance coverage they had requested. Manobianco moved for summary judgment, arguing that it satisfied its duty of care as a matter of law by complying with A.R.S. § 20–259.01.

¶4        The trial court found "that [Manobianco's] compliance with A.R.S. § 20–259.01 demonstrated that [it] fulfilled [its] duties to Plaintiffs regarding offering the UM/UIM coverage," and therefore Manobianco "breached no duty owed to Plaintiffs." The court of appeals reversed. *Wilks v. Manobianco*, 235 Ariz. 246, 330 P.3d 1003 (App. 2014). Relying on *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.*, 140 Ariz. 383, 397, 682 P.2d 388, 402 (1984), the court reaffirmed that insurance agents owe their clients a common law duty of reasonable care. *Wilks*, 235 Ariz. at 248 ¶¶ 7–10, 330 P.3d at 1105. The court then held that A.R.S. § 20–259.01(B) did not abolish that duty because the statute does not apply to insurance agents, and it is not broad enough to bar common law negligence claims against them. *Id.* at 249–50 ¶¶ 14–17, 330 P.3d at 1106–07.

¶5        We granted review because § 20–259.01's effect on the common law duty of insurance agents is a potentially recurring issue of

prevailing party. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7, 340 P.3d 1071, 1073 (2015).

statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12–120.24.

## II. DISCUSSION

**¶6** Under Arizona's common law, insurance agents owe a duty of reasonable care when obtaining insurance on behalf of their clients. *Webb v. Gittlen*, 217 Ariz. 363, 367 ¶ 18, 174 P.3d 275, 279 (2008); *Darner Motor Sales*, 140 Ariz. at 397, 682 P.2d at 402. That duty is founded on an agent's status as one with "special knowledge," who "undertakes to act as an advisor" to a client. *Darner Motor Sales*, 140 Ariz. at 398, 682 P.2d at 402; *see also* Restatement (Third) of Agency § 8.08 ("If an agent claims to possess special skills or knowledge, the agent has a duty to the principal to act with the care, competence, and diligence normally exercised by agents with such skills or knowledge.").

**¶7** Manobianco argues that the legislature modified insurance agents' common law duties to their clients by enacting § 20–259.01, which creates a "safe harbor" if the insured signs a DOI-approved form rejecting UM or UIM coverage:

> Every insurer writing automobile liability or motor vehicle liability policies shall . . . make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsured motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The selection of limits or rejection of coverage by a named insured or applicant on a form approved by the [DOI] director shall be valid for all insureds under the policy.

*Id.* § 20–259.01(B) (UIM); *see also id.* § 20–259.01(A) (UM). We must decide whether this statute, which speaks in terms of the "insurer," also covers insurance agents and whether it bars common law negligence claims for an agent's failure to procure requested insurance coverage.

4

¶8    We interpret statutes and review summary judgment rulings de novo.  *Ballesteros*, 226 Ariz. at 347 ¶ 7, 248 P.3d at 195.  "When interpreting a statute, our primary goal is to give effect to the legislature's intent."  *J.D. v. Hegyi*, 236 Ariz. 39, 40 ¶ 6, 335 P.3d 1118, 1119 (2014).  We derive that intent by examining the statute's language; if the language is ambiguous, we look to the statute's history, context, consequences, and purpose.  *Glazer v. State*, 237 Ariz. 160, 163 ¶ 12, 347 P.3d 1141, 1144 (2015).  "Absent a clear manifestation of legislative intent to displace a common-law cause of action, 'we interpret statutes with every intendment in favor of consistency with the common law.'"  *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 182 ¶ 10, 337 P.3d 545, 547 (2014) (quoting *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 422 ¶ 12, 87 P.3d 831, 835 (2004)).

¶9    The statute at issue provides insurance companies with a method for proving that they offered UM and UIM coverage to their insureds.  *Ballesteros*, 226 Ariz. at 350 ¶ 20, 248 P.3d at 198.  It does not purport to bar common law professional negligence claims such as the claim asserted here.  *See* A.R.S. § 20–259.01.  Indeed, the statute does not so much as mention insurance agents or any common law cause of action.  Generally, when "the legislature seeks to preempt a cause of action[,]" we have required "the law's text or at least the legislative record [to] say so explicitly."  *Orca Commc'ns*, 236 Ariz. at 182 ¶ 10, 337 P.3d at 547 (quoting *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 273, 872 P.2d 668, 677 (1994)).  Section 20–259.01 therefore does not, by its terms, bar the Wilkses' common law negligence claim against their insurance agent.

¶10    Manobianco argues, however, that the statute implicitly bars such negligence claims because the statute's mandate that "rejection of coverage . . . shall be valid for all insureds" precludes any action involving a fact-based inquiry related to a plaintiff's UIM coverage.  But the statute is not that broad.  The "shall be valid" language in A.R.S. § 20–259.01(B) guarantees that "if an insurer provides and the insured signs a DOI-approved UM/UIM selection form, the insurer has satisfied the statutory requirement to 'make available' and 'by written notice offer' UM/UIM coverage."  *Ballesteros*, 226 Ariz. at 350 ¶ 21, 248 P.3d at 198.  Thus completing the DOI-approved form eliminates fact questions concerning "whether UM/UIM coverage was sufficiently offered" by the insurer and

"whether the terms of the offer were understood." *Id.* at 350 ¶ 22, 248 P.3d at 198. It therefore only bars inquiries related to the insurer's *offer* of UM and UIM coverage. *Id.* ("[T]he legislature [intended] to protect insurers from after-the-fact inquiries *regarding the offer of coverage.*" (emphasis added)). Factual inquiries related to other types of alleged negligence or wrongdoing are neither expressly nor implicitly barred; they are simply not addressed. Because Wilks concedes that she was offered UIM coverage on a DOI-approved form, which she signed, her claim that Manobianco failed to procure the UIM coverage she requested does not frustrate the purpose of § 20–259.01(B).

¶11        We recognize that the distinction between the facts surrounding an insurer's offer of UM and UIM coverage and those surrounding a client's request for such coverage is slight, but that distinction is important given the language and purpose of § 20–259.01. The statute imposes a duty on insurers to make an offer of UM and UIM coverage, but it does not discuss or affect whether an agent must honor a client's request for such coverage. *See* A.R.S. § 20–259.01. An agent's common law duty to its clients to procure requested UIM coverage therefore remains distinct from the duties prescribed by § 20–259.01. Whether Manobianco failed to honor the Wilkses' alleged request for UIM coverage, and whether that failure breached Manobianco's common law duty of care, are questions for the trier of fact. *See Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 10, 150 P.3d 228, 230 (2007).

¶12        Although the statute speaks only in terms of protecting "insurers"—that is, those who write automobile insurance policies—Manobianco maintains that the statute also applies to insurance agents because the term "insurer" necessarily includes insurance companies and their agents. But a plain reading of the statute, which expressly imposes a duty upon "[e]very insurer writing automobile liability or motor vehicle liability policies," A.R.S. § 20–259.01(B), does not support Manobianco's assertion, *see Wilks*, 235 Ariz. at 249–50 ¶¶ 14–16, 330 P.3d at 1106–07; *Nat'l Sec., Inc. v. Johnson*, 14 Ariz. App. 31, 33, 480 P.2d 368, 370 (1971) (under A.R.S. §§ 20–103 to –104, a party that does not make, or is not a party to, contracts of insurance is not an insurer).

¶13  We have previously declined requests to expand the plain terms of A.R.S. § 20–259.01. *See, e.g.*, *Newman v. Cornerstone Nat'l Ins. Co.*, 237 Ariz. 35, 37 ¶ 11, 344 P.3d 337, 339 (2015); *Ballesteros*, 226 Ariz. at 350 ¶ 22, 248 P.3d at 198. We likewise decline to hold that § 20–259.01 implicitly covers insurance agents when doing so would add a term to the statute that the legislature did not include. The legislature has explicitly included insurance agents within a statute's scope when it has intended such coverage to exist, and it knows how to address insurance agents' common law duties when it wishes to do so. *Compare* 1997 Ariz. Sess. Laws, ch. 125, § 1 (1st Reg. Sess.) (providing insurance *agents* with a specific form that, if signed by a client, would absolve them of any duty "to explain the nature and applicability of automobile liability coverage"), *with* 1998 Ariz. Sess. Laws, ch. 288, § 1 (2d Reg. Sess.) (rescinding the protection for insurance agents and readopting the current language protecting only "insurers"); *cf.* A.R.S. § 20–266 (expressly imposing a duty on both insurers and insurance agents). If the legislature wants to amend the statute to include agents, limit their duties, or circumscribe their liability regarding UM or UIM coverage, it must do so clearly and within constitutional bounds. *See Orca Commc'ns*, 236 Ariz. at 182 ¶ 10, 337 P.3d at 547.

¶14  Finally, Manobianco argues that the court of appeals' opinion "conflicts with this Court's cases, which have all held the [DOI] form is controlling." Our cases interpreting § 20–259.01, however, did not involve negligence actions brought by an insured against an insurance agent. *See, e.g.*, *Newman*, 237 Ariz. at 36 ¶ 3, 344 P.3d at 338; *Am. Family Mut. Ins. Co. v. Sharp*, 229 Ariz. 487, 488 ¶ 2, 277 P.3d 192, 193 (2012); *Ballesteros*, 226 Ariz. at 346 ¶ 3 & n.3, 248 P.3d at 194 & n.3; *Tallent v. Nat'l Gen. Ins. Co.*, 185 Ariz. 266, 266–67, 915 P.2d 665, 665–66 (1996); *Estate of Ball v. Am. Motorists Ins. Co.*, 181 Ariz. 124, 125, 888 P.2d 1311, 1312 (1995).[2]

¶15  Because the statute does not bar the Wilkses' negligence claim, Mrs. Wilks's admitted failure to read the DOI-approved form she

---

[2] Manobianco makes several additional arguments based on the potential vicarious liability of State Farm. Because State Farm is no longer a party to this case, *Wilks*, 235 Ariz. at 247 ¶ 5 n.2, 330 P.3d at 1004 n.2, we decline to address those arguments.

signed—despite its bold print "WARNING" and directive to "read carefully before signing"—may be submitted to the jury to consider during its assessment of comparative negligence. *See Darner Motor Sales*, 140 Ariz. at 398, 682 P.2d at 403 ("We believe that the 'contributory negligence' question here turns on the reasonableness of an insured's failure to read the policy and his reliance on statements made by the agent. It is, therefore, a question for the trier of fact." (citing Ariz. Const. art. 18, § 5)); *see also* A.R.S. § 12–2505(A) (providing that "[t]he defense of contributory negligence . . . shall at all times be left to the jury"). A jury may also weigh the fact that Manobianco complied with the requirements of A.R.S. § 20–259.01 as evidence that he acted reasonably under the circumstances. *Cf.* Restatement (Second) of Torts § 288C cmt. a (permitting compliance with an applicable statute to show conduct "sufficient for the occasion; but if for any reason a reasonable [person] would take additional precautions, the provision does not preclude a finding that the actor should do so"); *accord Peterson v. Salt River Project Agric. Improvement & Power Dist.*, 96 Ariz. 1, 7, 391 P.2d 567, 571 (1964); *S. Pac. R.R. Co. v. Mitchell*, 80 Ariz. 50, 61–62, 292 P.2d 827, 834–35 (1956).

¶16 The Wilkses' negligence claim is based on a duty distinct from that imposed by A.R.S. § 20–259.01. Whether Manobianco breached its common law duty by failing to procure the UIM coverage Wilks allegedly requested and whether Wilks should be assigned comparative fault for failing to read the related paperwork are questions for the jury. The trial court therefore erred by granting summary judgment to Manobianco as a matter of law.

### III. CONCLUSION

¶17 For the reasons set forth, we affirm the opinion of the court of appeals reversing the trial court's entry of summary judgment, and remand the case to the trial court for further proceedings.