
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARSH AVIATION COMPANY, | No. 16-16799 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00515-SRB |
| v. | |
| HARDY AVIATION INSURANCE INCORPORATED and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES INCORPORATED, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 8, 2018
San Francisco, California

Before: TASHIMA, BERZON, and CHRISTEN, Circuit Judges.

Marsh Aviation Company (Marsh) appeals the district court's order granting

summary judgment in favor of Hardy Aviation Insurance, Inc. (Hardy) and Arthur

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

J. Gallagher Risk Management Services, Inc. (Gallagher).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, and reverse and remand.

1.  The district court did not err by finding that Gallagher did not owe Marsh a duty of professional care.  Gallagher did not hold itself out to Marsh as "possessing special knowledge, skill[,] or expertise."  *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388, 403 (Ariz. 1984); *see*, *e.g.*, *Wilks v. Manobianco*, 352 P.3d 912, 914 (Ariz. 2015); *Curran v. Indus. Comm'n of Ariz.*, 752 P.2d 523, 526 (Ariz. Ct. App. 1988).  Indeed, Gallagher never advised or directly communicated with Marsh.

2.  The district court's failure to find, *sua sponte*, that Gallagher and Hardy violated Federal Rule of Civil Procedure 11(b)(3) was not clear error.  A district court is under no obligation to find a Rule 11(b) violation where a party has not moved for sanctions.  *See* Fed. R. Civ. P. 11(c)(3).

3.  The district court erred by denying Marsh's motion for reconsideration. *See* Fed. R. Civ. P. 59(e).  A motion to amend a judgment may be granted where "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law."  *Hiken v. Dep't of Def.*, 836 F.3d

1037, 1042 (9th Cir. 2016) (internal quotation marks and alteration omitted).  On summary judgment, Gallagher and Hardy affirmatively represented to the district court that Marsh in no way disclosed this lawsuit in its bankruptcy proceedings. The district court relied on that representation to bar Marsh's claims on the basis of judicial estoppel.  In fact, Marsh disclosed in its 2014 plan of reorganization that it hired an attorney to investigate and potentially pursue claims against Gallagher and Hardy.  Marsh's motion for reconsideration brought this factual error to light. Judicial estoppel is an equitable doctrine.  Because Marsh had in fact referred to a potential lawsuit in its bankruptcy filings, the district court erred by not allowing consideration of the parties' mutual mistake regarding the status of Marsh's filings in the bankruptcy court.

We affirm the district court's order granting summary judgment in favor of Gallagher, and we reverse and remand the district court's denial of Marsh's motion for reconsideration as it relates to Hardy.  On remand, the district court will have the opportunity to consider whether Marsh adequately disclosed its claims to the bankruptcy court, and, if not, whether the inadequate disclosure was made with the intent to conceal.  *Cf. Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 277–78 (9th Cir. 2013) (remanding because debtor included her attorney as a creditor in her bankruptcy filings and argued "if she was truly seeking to hide the

lawsuit from the bankruptcy court, she would not have listed that lawyer") (internal quotation marks and alteration omitted).

**AFFIRMED** in part and **REVERSED and REMANDED** in part.

*Marsh Aviation Co. v. Hardy Aviation Ins. Inc.*, No. 16-16799

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

I concur in all of the majority's disposition, except for Part 3, from which I respectfully dissent. And, consistent with my partial dissent, I would affirm the district court's judgment in its entirety.

In Part 3, the majority holds that the district court erred in denying Marsh Aviation's motion for reconsideration under Fed. R. Civ. P. 59(e). Although the reason for its holding is not entirely clear, it appears to rest on the assertion that Hardy Aviation Insurance "affirmatively represented to the district court that Marsh in no way disclosed this lawsuit in its bankruptcy proceedings [and the] district court relied on that representation to bar Marsh's claims on the basis of judicial estoppel."

The majority then goes on further to assert that "Marsh disclosed in its 2014 plan of reorganization that it hired an attorney to investigate and potentially pursue claims against . . . Hardy," and seems to equate such a disclosure to a disclosure of the claim. But in bankruptcy, that is not the law. In bankruptcy, a claim is "disclosed" by listing it (even if it is a contingent claim) in the appropriate schedule. *See, e.g., Hamilton v. State Farm Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (predicating the application of judicial estoppel on bankruptcy claimant's failure "to list his claims against State Farm as assets on his bankruptcy

schedules"). Nothing in the record here supports that Marsh amended its bankruptcy schedules to list its claim against Hardy as an asset.[1] Retaining an attorney to investigate an unspecified claim against an unnamed party is not a "disclosure" of that claim in bankruptcy.

Moreover, the fact relied on by Marsh on reconsideration – that it "disclosed in its 2014 plan of reorganization that it hired an attorney to investigate and potentially pursue claims against . . . Hardy" – hardly qualifies as "newly discovered or previously unavailable evidence." This evidence was in the hands of Marsh's attorneys at the time Hardy's summary judgment motion was filed. They candidly admitted that they simply overlooked it.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 170 F.3d 656, 665 (9th Cir. 1999). This is far from such an unusual case. In fact, Marsh has not met any of the four recognized grounds for the granting of such a motion. *See Hiken v. Dep't*

---

[1] Although *Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 277–78 (9th Cir. 2013), recognizes an exception to the requirement that disclosure be made by listing the claim in the bankruptcy schedules, nothing in the record here qualifies Marsh for any such exception. The majority admits as much in suggesting that "[o]n remand, the district court will have the opportunity to consider whether Marsh adequately disclosed its claims to the bankruptcy court . . . ."

*of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (listing the four grounds).[2]

I would affirm the district court's denial of Marsh's Rule 59(e) motion, as well as its other rulings at issue on this appeal. I respectfully dissent from Part 3[3].

---

[2] The majority suggests that Hardy made affirmative misrepresentations to the district court, but it fails to disclose that Marsh agreed with Hardy's characterization of Marsh's disclosures. In any event, there was no misrepresentation. The parties were in agreement that Marsh did not amend or supplement its bankruptcy schedules to reflect Marsh's insurance claim or its malpractice claim against Hardy. As I have already explained, that is accurate. Listing an executory contract for contingent fees owed to an attorney is not a disclosure of the underlying claims. Thus, there was no "factual error" that Marsh's motion for reconsideration "brought . . . to light."

[3] I do, however, concur in that part of Part 3 which "affirm[s] the district court's order granting summary judgment in favor of Gallagher . . . ."