NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STANLEY F. STAZENSKI and PATRICIA STAZENSKI,
husband and wife, *Plaintiffs/Appellants*,

*v.*

NRT ARIZONA, LLC dba COLDWELL BANKER RESIDENTIAL
BROKERAGE, a foreign limited liability company; JIM CLAS and
CONNIE SUE CLAS, husband and wife,
Defendants/Appellees.

No. 1 CA-CV 14-0658
FILED 11-10-2015

Appeal from the Superior Court in Yavapai County
Nos. P1300CV201200199, P1300CV201200200, P1300CV201200201,
P1300CV201200202 (Consolidated)

The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Christopher Jacobson, LLC, Phoenix
By Jay C. Jacobson
*Counsel for Plaintiffs/Appellants*

Lipson Neilson, PC, Phoenix
By Daxton R. Watson, Michael H. Orcutt, John F. Fyke
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1　　　　Stanley and Patricia Stazenski appeal the trial court's grant of summary judgment to NRT Arizona, LLC dba Coldwell Banker Residential Brokerage, and Jim and Connie Sue Clas, (collectively Coldwell Banker). For the reasons set forth below, we affirm the trial court's ruling.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　The Stazenskis purchased two adjacent parcels of real property from Tom and Gladys Lindahl in 2005. The Stazenskis retained Connie Sue Clas, a Coldwell Banker broker to serve as their agent in the transaction. The Stazenskis subsequently used Coldwell Banker to list the two parcels for sale.

¶3　　　　In 2007, the Stazenskis obtained a bank loan in the amount of $920,000, secured by a deed of trust on the 431-acre parcel and, possibly, the 10-acre parcel as collateral (the Parcels). The Stazenskis used a portion of the loan proceeds to buy an adjacent 13-acre parcel from James and Leslie Havens. The Stazenskis defaulted on the loan, leading the lender to begin foreclosure proceedings on the Parcels in 2010. In March 2010, while the two parcels were under threat of foreclosure, Richard and Cynthia Sachs offered to buy them for $1.1 million. The Stazenskis, through Coldwell Banker, countered the Sachs' offer. Separately, the Stazenskis made an agreement with their lender that, if the two parcels sold at auction for at least $930,000, the lender would waive any deficiency amounts in exchange for a payment of $25,000. The Sachs did not accept the Stazenskis' counteroffer, and the lender sold the two parcels at auction to the Sachs for $930,001.

¶4　　　　In July 2010, after the sale, the Stazenskis were told that the access easement for all three parcels was defective. The Stazenskis filed suit against Coldwell Banker, alleging professional negligence, negligent misrepresentation, and breach of fiduciary duty. The Stazenskis also

2

separately sued their attorney, Jeffery Coughlin, the Lindahls, and the Havens. By stipulation of the parties the cases were consolidated.

¶5          The case was resolved on three motions for summary judgment. In the first motion, all Defendants argued that the access easement was valid. The trial court agreed and this court affirmed. *Stazenski v. Lindahl*, 1 CA-CV 14-0001, 2015 WL 1456658, at *2-*3, ¶¶ 8-11 (Ariz. App. Mar. 31, 2015) (mem. decision). In the second motion, Coughlin and Coldwell Banker sought summary judgment on all claims emanating from the Stazenskis' negotiations with the Sachs in March 2010. The trial court granted the motion and this court again affirmed. *Stazenski v. Coughlin*, 1 CA-CV 14-0401, 2015 WL 3917039, at *5-*9, ¶¶ 22-41 (Ariz. App. June 25, 2015) (mem. decision).

¶6          The third motion is the subject of this appeal. Coldwell Banker sought summary judgment on the Stazenskis' two remaining claims. They sought lost profits stemming from Coldwell Banker's alleged failure to provide a comparative market analysis (CMA) before listing the Parcels at what the Stazenskis allege was an unreasonable price. They also sought to recover maintenance costs that the Stazenskis allegedly incurred while the Parcels were for sale.

¶7          The trial court granted summary judgment to Coldwell Banker. The Stazenskis filed a timely notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1., and 2101.A.1. (West 2015).[1]

## DISCUSSION

¶8          We review de novo whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010). We construe all facts "in the light most favorable to the party against whom judgment was entered." *Newman v. Cornerstone*, 234 Ariz. 377, 378, ¶ 3 (App. 2014). We will affirm if the trial court's determination is correct for any reason, even for reasons the trial court did not consider. *Hill v. Safford Unified Sch. Dist.*, 191 Ariz. 110, 112 (App. 1997).

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

I.   Genuine Issues of Material Fact

¶9         The Stazenskis argue that they presented sufficient evidence to establish genuine issues of material fact on both claims.  However, they do not point to any specific issues or evidence on appeal.  Instead, they direct us to a 300-plus page appendix, which includes most of their own briefs and statements of fact on the three summary judgment motions, but nothing filed by Coldwell Banker.

¶10        We are not obligated to sift through either the trial court record or the Stazenskis' cumbersome appendix to discover facts that would defeat a motion for summary judgment.  *Mast v. Standard Oil Co. of Cal.*, 140 Ariz. 1, 2 (1984); *see also Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984) (stating that an appellate court need not "search voluminous records and exhibits to substantiate an appellant's claims").  The Stazenskis do not develop their argument on appeal, and therefore have waived it.  ARCAP 13(a)(7); *see also Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6 (App. 2007) (undeveloped argument mentioned in passing in the opening brief is waived).

II.  Disregarded Expert Affidavits

¶11        At the time the trial court granted summary judgment, the court also struck three expert affidavits the Stazenskis filed in response to Coldwell Banker's motion, finding that they were "sham affidavits."  A "sham affidavit" is one offered in opposition to a motion for summary judgment that contradicts prior deposition testimony.  *Wright v. Hills*, 161 Ariz. 583, 587 (App. 1989), *overruled on other grounds by James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316 (App. 1993).  Sham affidavits must be disregarded when deciding the motion.  *MacLean v. State Dep't of Educ.*, 195 Ariz. 235, 241, ¶ 20  (App. 1999).  On appeal, the Stazenskis contend the trial court erred in striking their experts' affidavits.  We disagree.

¶12        The Stazenkis alleged in their complaint that Coldwell Banker breached its duties on all three counts because Coldwell Banker failed to obtain a CMA prior to the Stazenkis purchasing the property and again, when the property was listed for sale.

¶13        Coldwell Banker's summary judgment motion primarily relied on an affidavit submitted by Ed Ricketts, the Stazenskis' standard of care expert.  Ricketts originally opined that Coldwell Banker did not set a reasonable listing price for the Parcels, and could not do so because it did not first prepare a CMA.  Coldwell Banker pointed out that Ricketts also

did not prepare a CMA; thus, according to his own testimony, he could not establish a reasonable listing price either. Coldwell Banker further argued that, without an expert opinion on what would have been a reasonable listing price, the Stazenskis had no basis from which to calculate their alleged lost profits. *See Cty. of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 607, ¶ 53 (App. 2010) ("Because lost future profits are capable of proof approaching mathematical precision, the requirement of 'reasonable certainty' must be applied with added force to such damages."). Coldwell Banker also cited deposition testimony from the Stazenskis' damages expert, LeRoy Gaintner, who admitted that he had not formed an opinion regarding the listing claim.

¶14        In response, the Stazenskis offered new affidavits from both Gaintner and Ricketts. In his new affidavit, and for the first time, Gaintner attributed a lost profits calculation from his earlier reports to the listing claim, citing "Ricketts' claims that [Coldwell Banker] failed to properly conduct a . . . CMA when trying to sell [the Parcels]." But Ricketts' new affidavit stated that he "agree[d] with Mr. Gaintner that had the listing price … not been overstated by Coldwell Banker and Clas, [the property] … likely would have been sold for a significant profit." Gaintner did not offer any causation opinions; his reports only stated that he had *assumed* causation. Thus, each expert pointed to the other for support in these new affidavits, but neither offered a CMA or any opinions as to what would have been a reasonable listing price.

¶15        The Stazenskis later filed a sur-reply along with another new Ricketts affidavit. In that affidavit, Ricketts retreated from his original opinion that Coldwell Banker should have prepared a CMA before setting a listing price. Ricketts instead opined that Coldwell Banker could have determined a reasonable listing price with an appraisal. This last-minute change was a transparent attempt to bolster Gaintner's earlier lost profits calculation, which was based on a 2007 appraisal of the Parcels.

¶16        Based on the above, the trial court found that Ricketts' and Gaintner's new affidavits "directly contradict[ed] deposition testimony, offer[ed] new opinions and alter[ed] the theories of the action in an attempt to cure evidentiary defects and defeat summary judgment." The record supports these findings because the allegations in the complaint were that Coldwell Banker failed to obtain CMAs both before the purchase and before the listing of the property. The trial court thus properly disregarded the affidavits when it considered Coldwell Banker's motion. *Allstate Indem. Co. v. Ridgley*, 214 Ariz. 440, 443, ¶ 11 (App. 2007).

**CONCLUSION**

¶17 For the reasons set forth above, we affirm the trial court's ruling granting summary judgment to Coldwell Banker. Coldwell Banker requests an award of costs on appeal pursuant to A.R.S. § 12-342. We grant their request upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama