780 P.2d 452

**Rodney Eugene GROVES, Plaintiff/Appellant,**

**v.**

**Rhonda Jane SORCE, a married woman, fka Rhonda Jane Groves; Home Federal Savings & Loan Association; Arizona State Compensation Fund; Shawmut First Mortgage Corp., a Texas corporation; Jerome Andrew Miskuf and Deborah Ann Miskuf, husband and wife; R & B Realty, Inc.; Pioneer Trust Company of Arizona; and the unknown heirs of any of the above if deceased, Defendants/Appellees.**

No. 2 CA–CV 88–0356.

Court of Appeals of Arizona, Division 2, Department A.

May 18, 1989.

Review Denied Oct. 24, 1989.[*]

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determi- nation of this matter.

**620**

Norman R. Freeman II, P.C. by Norman R. Freeman and Corey & Farrell, P.C. by Barry M. Corey, Tucson, for plaintiff/appellant.

Feulner & Cornelio, P.C. by Carmine Cornelio, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a motion to dismiss for failure to state a claim. The sole issue is whether A.R.S. § 12–1551, which requires a renewal of a judgment every five years in order to preserve a right to bring an action based on it, applies to a lien imposed pursuant to A.R.S. § 25–318(C), as amended.

## I. FACTS

On August 24, 1981, an amended decree of dissolution of marriage was entered dissolving the marriage between the parties. The decree awarded the wife the community home and awarded the husband a lien on it in the sum of $12,000 with interest at 10 percent per annum. The $12,000 was to be payable upon the happening of three events: (1) the sale of the home; (2) the wife's failure to maintain any liens on the property, or (3) the expiration of 15 years.

The wife remarried and she and her new husband borrowed money giving the creditor as security a deed of trust dated September 9, 1985, upon the residence. They defaulted on the payments which resulted in a non-judicial foreclosure by the creditor. The property was purchased at a June 16, 1987, trustee sale by R & B Realty, Inc. Thereafter the property was sold by R & B Realty to appellees Jerome A. and Deborah A. Miskuf who obtained a loan to purchase the property from appellee Shawmut First Mortgage Corp.

In 1987 when the husband learned of his ex-wife's default and the foreclosure of the property he first demanded his $12,000 plus interest and when she refused to pay he filed suit in 1988 to foreclose his lien. Appellee's motion to dismiss was granted on August 15, 1988.

Appellant contends the statute of limitations contained in A.R.S. § 12–1551 is tolled until the lienholder has the power to enforce his lien or judgment. We agree.

## II. DISCUSSION

The trial court imposed the lien pursuant to A.R.S. § 25–318(C) which provides:

The court may impress a lien upon the ... marital property awarded to either party in order to secure the payment of any interest or equity the other party has in or to such property ....

The statute which the wife used to defeat the husband's action, A.R.S. § 12–1551 states:

A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment and within five years after any renewal of the judgment either by affidavit or by an action brought thereon, have a writ of execution or other process issued for its enforcement.

B. No execution or other process shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12–1612 or an action is brought thereon within five years from the date of the entry of the judgment or of any renewal thereof.

\*   \*   \*   \*   \*   \*

D. This limitation does not apply to judgments and orders for the support of a minor or for those children whose support is extended beyond the age of emancipation pursuant to § 12–2451, subsection A or § 25–320, subsection B. There is no requirement to renew such judgments and orders during the minority of the children or during the period of their disability. Such actions are limited only as required by § 12–2453, subsection E.

As can be seen the statute imposes a five-year limitation in the absence of an affidavit of renewal. But this does not mean that one must attempt to execute or sue on the judgment when one does not have a right to do so.

The statute of limitations contained in A.R.S. § 12–1551, like all statutes of limitation, does not begin to run against a judgment if it is not suable. Cf. *North Star Development Corp. v. Wolfswinkel*, 146 Ariz. 406, 706 P.2d 732 (App.1985).

Furthermore, when an action on a judgment would not be entertained until after the lapse of a certain time or until the occurrence of a particular event, the statute does not begin to run until the accrual of a cause of action on the judgment. See *Hughes v. Slater*, 209 S.C. 168, 39 S.E.2d 509 (1946).

 An event giving rise to a cause of action did not occur here until 1987 when the wife defaulted on the note secured by the deed of trust and the husband's suit was commenced well within the five-year period.

The judgment is reversed and the case is remanded for further proceedings.

LIVERMORE, P.J., and HATHAWAY, J., concur.