HOWE, Judge:
¶1 Under A.R.S. § 12-1551(A) and (B), a party has ten years from the date a judgment is entered to enforce it unless the party *701 renews it within that period, which extends the enforcement period another ten years. The issue in this case is whether a contractual agreement barring a party from executing on the judgment tolls the enforcement period. We hold that it does.
FACTS AND PROCEDURAL HISTORY
¶2 Lynn Harle and Mark S. Williams were partners in a real estate venture. Harle sued Williams and others in 2010 alleging breach of their partnership agreement. Harle and Williams reached a settlement in May 2011 in which Williams agreed to pay $50,000 in $500 monthly installments and waived his interest in certain real estate (the "Settlement Agreement"). The Settlement Agreement also called for entry of a $150,000 stipulated judgment against Williams and included a covenant not to record or execute on the judgment as long as Williams timely made the monthly installment payments. If William ever failed to do so,
then without notice or action of any kind, this Covenant Not to Execute shall become null and void and Plaintiff shall be entitled to record and enforce the Stipulated Judgment, according to its terms, and Plaintiff shall be entitled to use any and all legal remedies available to it for the enforcement of the Stipulated Judgment.
The court entered the stipulated judgment on May 23, 2011.
¶3 Williams timely paid under the Settlement Agreement until November 2014. Harle did not begin formal collection actions on the unpaid amounts until March 23, 2016, when he recorded the judgment and sought two writs of garnishment. He then conducted a judgment debtor's examination of Williams in June 2017.
¶4 Shortly after the debtor's examination, Williams contended for the first time that the judgment had expired under A.R.S. § 12-1551(B) because Harle did not timely renew it under A.R.S. § 12-1612. After briefing, the trial court determined that the judgment "remain[ed] enforceable because the period of enforceability was tolled while Plaintiff was legally barred from enforcing the judgment." It further determined that the judgment would remain "in full force and effect ... until November 16, 2019, the five-year anniversary of Mr. Williams' breach." Williams timely appealed.
DISCUSSION
1. Tolling of the Enforcement Period
¶5 Williams contends that the judgment was unenforceable because Harle did not timely renew it. We review questions of law and statutory interpretation de novo. Frank R. v. Mother Goose Adoptions , 243 Ariz. 111, 114-15 ¶ 17, 402 P.3d 996, 999-1000 (2017). At the relevant time, A.R.S. § 12-1551(B) prohibited the issuance of writs of execution or other process on a judgment "after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12-1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal."[1] Thus, a judgment becomes unenforceable if not renewed within the statutory time. J.C. Penney v. Lane , 197 Ariz. 113, 118 ¶ 24, 3 P.3d 1033, 1038 (App. 1999). The enforcement period may be tolled and extended, however, during the time a creditor is precluded from attempting to collect on the judgment. See In re Smith , 209 Ariz. 343, 346 ¶ 14, 101 P.3d 637, 640 (2004). The statutory enforcement period "does not begin to run against a judgment if it is not suable." Groves v. Sorce , 161 Ariz. 619, 621, 780 P.2d 452, 454 (App. 1989).
¶6 The trial court correctly found that the Settlement Agreement's covenant not to execute on the judgment tolled the statute of limitations set forth in A.R.S. § 12-1551. According to the record, the parties agreed that Harle would not execute on the judgment so long as Williams met his payment obligations. Harle thus was contractually prohibited from executing on the judgment until Williams breached the Settlement Agreement in November 2014. Until then, the judgment was not-as termed in Groves -"suable." Accordingly, the enforcement period *702 was tolled until that time and Harle had no need to renew the judgment to begin collection proceedings in 2016.
¶7 Williams argues that a private agreement cannot toll the statute's enforcement period; he claims that the period can be tolled only by operation of a court order. But not only does he fail to cite authority for this proposition, authority from this Court holds the contrary. In North Star Dev. Corp. v. Wolfswinkel , 146 Ariz. 406, 706 P.2d 732 (App. 1985), the parties in the trial court stipulated to a supersedeas bond pending appeal of a judgment, and the judgment creditors agreed "not to execute on the judgment until after a mandate from the Arizona Supreme Court had been received[.]" Id. at 408, 706 P.2d at 734. After the appeal and subsequent bankruptcy proceedings had concluded, the judgment debtor claimed the judgment creditors could not enforce the judgment because the judgment had expired under A.R.S. § 12-1551. Id. This Court rejected the debtor's argument on appeal and held that since the judgment creditors "were prohibited contractually from executing on the judgment" because of the supersedeas bond and the agreement not to execute on the judgment, the time period of A.R.S. § 12-1551 had been tolled. Id. at 409, 706 P.2d at 735. A private agreement not to execute on a judgment indeed does toll the running of the statute.
¶8 Williams argues that allowing tolling based on a private agreement would create uncertainty as to when a judgment becomes unenforceable and "chill all future post-judgment settlement agreements." But the covenant not to execute benefited him by precluding formal collection activities while he made timely payments. He cannot now complain it caused confusion about when the enforcement period would expire. See Harding v. Sutherlin , 120 Ariz. 193, 195, 584 P.2d 1184, 1186 (App. 1978) ("[T]he stay of execution being with the consent and for the benefit of the judgment debtor, and the injunction ... being his own act, he should not take advantage of them, nor could he be surprised or prejudiced by the delay, because that delay was in fact referable to himself.") (quoting Wakefield v. Brown , 38 Minn. 361, 363, 37 N.W. 788 (1888) ).
¶9 Williams also argues that the agreement not to execute and his failure to make installment payments as he had promised does not excuse Harle from his obligation to timely renew the judgment. But since the agreement not to execute on the judgment tolled the time period of A.R.S. § 12-1551, Harle had no need to renew the judgment because the time was not running. See North Star Dev. Corp. , 146 Ariz. at 408, 706 P.2d at 734 (issue was not the revival of a judgment beyond the time period but the suspension of the time period).
2. Attorneys' Fees and Taxable Costs on Appeal
¶10 Harle requests attorneys' fees and taxable costs incurred on appeal pursuant to the Settlement Agreement and A.R.S. §§ 12-341 and 12-341.01(A). Generally, we enforce a contractual attorneys' fees and costs provision according to its terms. Berry v. 352 E. Virginia, L.L.C., 228 Ariz. 9, 13 ¶ 17, 261 P.3d 784, 788 (App. 2011). The Settlement Agreement provides, in relevant part:
If an action is brought to enforce any of the provisions of this Settlement Agreement and Covenant Not To Execute, the prevailing party shall recover its reasonable attorney's fees, costs and expenses.
Harle is the prevailing party in this appeal; he thus may recover reasonable attorneys' fees and taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.
CONCLUSION
¶11 For the foregoing reasons, we affirm.

At the time of the parties' litigation, the limitations period set forth in the statutes was five years. The Legislature has since amended A.R.S. §§ 12-1551 and 12-1612 to increase the limitations period to ten years. 2018 Ariz. Sess. Laws, ch. 36, § 1 (2d Reg. Sess.).